## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANGELA ROQUE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 23-20659 (GC)(JTQ) |
| | : | |
| v. | : | **ORDER** |
| | : | |
| VENETIAN CARE & | : | |
| REHABILITATION CENTER, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

Two motions are before the Court. Plaintiff Angela Roque seeks leave to file a Third Amended Complaint, which Defendants oppose. Defendants have cross-moved for sanctions, attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 41 and 28 U.S.C. § 1927. The Court has carefully considered the submissions of the parties, and for the reasons below, Plaintiff's motion is granted in part and denied in part, and Defendants' cross-motion is denied.

I. Background

This action arises from Plaintiff's employment in a long-term care facility operated by Defendant Venetian Care & Rehabilitation Center. *See* ECF No. 11 (Second Amended Complaint). Plaintiff, a nurse who had been promoted to Assistant Director of Nursing, alleges that she was subjected to race-based and pregnancy discrimination and retaliation after requesting accommodations for a high-risk pregnancy and raising concerns about workplace conditions. She alleges that she reported misconduct at the facility, including wage violations, failures to

accommodate pregnant employees, and issues relating to patient care and regulatory compliance. She also claims that Defendants failed to properly compensate her for overtime hours worked. Plaintiff brings claims in this action under both federal and state law—Title VII of the Civil Rights Act of 1964 ("Title VII"), the New Jersey Law Against Discrimination ("NJLAD"), and the New Jersey Conscientious Employee Protection Act—seeking relief for discrimination, retaliation, and related harms. *See* ECF No. 11 at 5–15.

Plaintiff's proposed Third Amended Complaint ("TAC") seeks to substantially expand the scope of this action by adding new parties, broadening the factual allegations, and introducing new claims. ECF No. 68-3 (proposed TAC). The TAC adds additional business entities and several managerial employees, and it elaborates further on Plaintiff's allegations of misconduct concerning wage practices, regulatory compliance, and patient care issues. *Id.* In addition to expanding the factual narrative, the TAC includes additional statutory and common law claims, including violation of New Jersey's Equal Pay Act, Wage and Hour Law, and Wage Payment Law, in addition to breach of contract, and unjust enrichment. *Id.* at 5-7. Significantly, the TAC eliminates all federal law claims.

Defendants oppose the motion, arguing that the TAC represents an improper and prejudicial attempt to fundamentally reshape this litigation. ECF No. 70-1. Defendants also point to Plaintiff's forum shopping, noting that Plaintiff seeks to withdraw her federal claims in an effort to proceed in state court. Defendants maintain that if the amendment is granted, Plaintiff should be required to pay the

2

attorneys' fees incurred by Defendants in defending the claims Plaintiff now is choosing to abandon. Further, Defendants argue that sanctions are warranted, alleging that Plaintiff's motion comprises bad faith litigation conduct and, because Plaintiff may be seeking to proceed in the allegedly more permissive discovery environment of state court, is an improper effort to evade the constraints of the Federal Rules of Civil Procedure.

II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15, once a party's time to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure favor liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the Third Circuit, "courts have 'consistently adopted a liberal approach to the allowance of amendments.'" *Elfar v. Twp. of Holmdel*, 2023 WL 4764776, at *3 (D.N.J. July 26, 2023) (quoting *DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020)). Accordingly, leave to amend is freely given "unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (internal quotation marks omitted).

3

III. Analysis

A. Withdrawal of Federal Claims

At the outset, Defendants contend that Plaintiff's motion, styled under Rule 15, is procedurally improper because it seeks to eliminate certain claims from this action and therefore should have been brought pursuant to Rule 41(a)(2). *See* ECF No. 70-1 at 14. Defendants, perhaps unsurprisingly, cite no authority supporting that position. *See id.* That is likely because the weight of authority reflects that the withdrawal of fewer than all claims in a lawsuit (or all claims against a particular defendant) is properly analyzed under Rule 15, not Rule 41. *See, e.g.*, *Noga v. Fulton Fin. Corp. Emp. Benefit Pla*n, 19 F.4th 264, 271 n.3 (3d Cir. 2021) ("Rule 41(a) provides a mechanism for a plaintiff to voluntarily dismiss an entire lawsuit, and this Circuit also recognizes that the rule allows a party to voluntarily dismiss all of its claims against a particular party."); *Clary v. Pennsylvania State Univ.*, 2025 WL 757071, at *2 (E.D. Pa. Mar. 7, 2025) (noting that the "proper procedure" for a plaintiff to remove "some, but not all, claims from [a] suit is to amend his complaint") (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss [the claims] under Rule 41(a).")); *United States v. Kushner*, 2018 WL 2230552, at *1 (D.N.J. May 15, 2018) (holding that where "plaintiff is requesting removal of a single claim, not dismissal of the entire action, … Rule 15(a) applies."); *Smith, Kline & French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24, 29, 31 (E.D. Pa. 1973) (holding that plaintiff properly

4

brought its motion to withdraw one count of the multi-count original complaint under Rule 15(a), not Rule 41(a)); 8 Moore's Federal Practice Civil § 41.21 (2026) ("Rule 41(a) may not be employed to dismiss fewer than all of the claims against any particular defendant. . . . A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).); 9 Wright & Miller's Federal Practice & Procedure § 2362 (4th ed. 2025) ("It seems well established that when multiple claims are filed against a particular defendant, Rule 41(a) is applicable only to the voluntary dismissal of all claims against the defendant . . . ".).

Therefore, the Court will examine, through the lens of Rule 15, Plaintiff's request for leave to file a TAC that removes her federal claims from this case. The federal claims presently asserted arise under Title VII. Defendants' arguments against allowing Plaintiff to drop these claims center around forum shopping and alleged prejudice.[1] If Plaintiff files a TAC containing no basis for federal subject matter jurisdiction, the case cannot remain in federal court and if it were to proceed, it would need to proceed in state court.

With respect to Defendants' allegations of forum shopping, the Supreme Court has made clear that a plaintiff may amend her Complaint to eliminate the federal claims that supplied federal jurisdiction. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) (holding that where a plaintiff amends her complaint to eliminate

---

[1] While Defendants' arguments are presented in terms of Rule 41, many are equally applicable in the Rule 15 context.

the federal claims that supported removal to federal court, the federal court loses supplemental jurisdiction over the remaining state law claims). Upon the filing of such an amended complaint, "the court's power to decide the dispute dissolves," and the federal court "loses . . . its supplemental jurisdiction over the state claims." *Id.* at 30. The *Royal Canin* Court reaffirmed that "the plaintiff is the master of the complaint, and therefore controls much about her suit," and "can establish—or not— the basis for a federal court's subject matter jurisdiction." *Id.* at 35 (noting a plaintiff may drop parties to destroy diversity and may eliminate federal claims to "thus ensure a state forum".). Significantly, the Court observed that "the plaintiff's control over those matters extends beyond the time her first complaint is filed." *Id.*

In light of *Royal Canin*, the Court finds that seeking leave to amend to withdraw federal claims, even where such an amendment has the practical—even intended—effect of requiring the case to proceed in state court, does not, standing alone, establish bad faith or impermissible forum manipulation. Put differently, the mere prospect that an amendment may move the action to a state forum does not itself warrant denial of leave to amend. Rather, consideration of the *Foman* factors governs, with the touchstone being undue prejudice to Defendants.

The issue of prejudice requires that the Court "focus on the hardship to the defendants if the amendment were permitted." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). "[I]ncidental prejudice to the opponent is not a sufficient basis for denial of an amendment;" rather, "such prejudice becomes undue when the opponent shows it would be unfairly disadvantaged or deprived of the

opportunity to present facts or evidence which it would have offered." *United States v. Bayada Homes Health Care, Inc.*, 2024 WL 2013892, at *4 (D.N.J. May 7, 2024). Leave to amend may be denied if, for example, a defendant "would be prejudiced by having to engage in burdensome new discovery and significant new trial preparation." *Id.*

Here, Defendants contend they will be prejudiced by the loss of the federal forum and the shift to state court. Most of their argument rests on timing and litigation costs, and they point to little case-specific prejudice to their ability to defend this case. Defendants contend that allowing withdrawal of the claims would "effectively erase" two years of litigation, would "nullify" the written discovery taken, and would force Defendants to litigate anew in state court "from the ground up," ECF No. 70-1 at 2. Their assertions of undue prejudice, however, are not supported by the record.

First, despite the age of the case, the matter is still at a relatively early stage. The parties have exchanged some written discovery, but no depositions have been taken, no expert discovery has occurred, no dispositive motion deadline is pending and no trial date has been set. To that end, it appears little would need to be redone. The Court thus sees no reason the case could not efficiently proceed in another forum.

Second, the Title VII claims that Plaintiff seeks to eliminate appear to be substantially identical to the NJLAD claims asserted. And because these claims are governed by the same standard, *see, e.g., Pryor v. Council on Compulsive Gambling of New Jersey, Inc.*, 2024 WL 4024106, at *5 (D.N.J. Aug. 30, 2024) (noting that racial

7

discrimination claims under NJLAD and Title VII "have identical elements"), the Court is unpersuaded by Defendants' assertion that the resources it expended defending against Plaintiff's federal claims will be wasted if only the state law claims move forward.

Finally, the Court rejects Defendants' assertion of undue delay, specifically with respect to Plaintiff seeking to eliminate her federal claims. Plaintiff first attempted to voluntarily dismiss her federal claims less than three months after discovery commenced in August 2024. That attempt failed as procedurally improper, and shortly thereafter the case was stayed to allow the parties to pursue private mediation, after which the parties engaged in further settlement discussions with the assistance of the Court. After these efforts were unsuccessful in reaching a resolution of this matter, Plaintiff sought leave to amend her Complaint.[2] The Court cannot find that Plaintiff was not diligent in seeking this amendment. The Court, therefore, grants Plaintiff leave to amend her Complaint to remove the federal claims.

B. Remaining Amendments

To the extent that Plaintiff seeks further amendment to her Complaint, leave is denied without prejudice as moot. The Court will be divested of supplemental

---

[2] Prior to filing a motion for leave to amend, in December 2024, the parties met and conferred to address Defendants' position on Plaintiff filing her proposed Third Amended Complaint. *See* Text Order at ECF No. 35 (directing that "Plaintiff shall serve Defendant with a copy of Plaintiff's proposed amended pleading, . . . Defendant shall advise Plaintiff whether Defendant consents to the proposed amendment").

jurisdiction[3] over Plaintiff's state law claims upon the filing of a TAC without any federal claims. *See Royal Canin*, 604 U.S. at 30 (loss of federal-question jurisdiction results in loss of supplemental jurisdiction). As a result, further analysis as to the remaining proposed amendments is unnecessary.

IV. Defendant's Motion for Sanctions

This is not the first sanctions motion in this case. The parties have repeatedly lobbied for such relief.  Each application was rejected.  This motion suffers the same fate.

Defendants move for sanctions, attorneys' fees, and costs under Rule 41 and 28 U.S.C. § 1927. Defendants' motion is without merit. First, as discussed above, Rule 41 is not applicable here and therefore does not provide a basis for an award.

Nor are sanctions warranted under 28 U.S.C. § 1927. Such sanctions require a finding of four elements: "the offending attorney (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *Katz v. Tata Consultancy Servs. Ltd.*, 2026 WL 44809, at \*8 (D.N.J. Jan. 7, 2026) (cleaned up) (citing *In re Beers*, 399 F. App'x 748, 749 (3d Cir. 2010)). Simply put, Defendants have not made this showing. Defendants' argument rests largely on a disagreement with Plaintiff's litigation strategy here, *i.e.*, the decision to amend the complaint to withdraw the federal claims and expand the scope of the case. Defendants contend that Plaintiff's motion reflects

---

[3] It appears that no diversity jurisdiction exists in this case. [ECF No. 11]. Nor do the parties dispute that once the federal claims are removed from the case, the action may no longer be maintained in this forum.

bad faith and improper forum manipulation. But as discussed above, a plaintiff may amend her Complaint to withdraw federal claims, even if doing so affects the forum in which the case proceeds. That does not, without more, establish bad faith or improper purpose. Consequently, Defendants' motion for sanctions is denied.

Accordingly,

**IT IS** on this 30th day of March 2026

**ORDERED** that Plaintiff's motion [ECF No. 68] for leave to amend is GRANTED IN PART and DENIED IN PART; and it is further

**ORDERED** that Defendants' motion for sanctions [ECF No. 70] is DENIED; and it is further

**ORDERED** that Plaintiff may file a Third Amended Complaint that is identical to the presently operative Complaint (*i.e.*, the Second Amended Complaint) with the federal claims omitted; and it is further

**ORDERED** that Plaintiff is to file her Third Amended Complaint no later than 7 days from the filing of this Order.

s/ Justin T. Quinn
HON. JUSTIN T. QUINN
United States Magistrate Judge

--terminates ECF No. 68, 70