# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

_____

MEMBER OF
NY, & NJ BAR

_____

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

_____

1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236

April 6, 2026

Hon. Georgette Castner, U.S.
United States District Judge
USDC District of New Jersey Trenton Vicinage
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 5E
Trenton, New Jersey 08608

Re: Angela Roque v. Venetian Care and Rehabilitation Center, et al.
Case No.: 3:23-cv-20659-GC

Letter Motion Requesting De Novo Review of Magistrate Judge Quinn's Order, and Acceptance
of Plaintiff's Memorandum of Law as Objections to Report and Recommendation

Dear Judge Castner:

Plaintiff Angela Roque, through undersigned counsel, respectfully writes to bring to the Court's attention a significant procedural irregularity concerning Magistrate Judge Quinn's March 30, 2026, ruling on Plaintiff's motion for leave to file a Third Amended Complaint (ECF No. 74) and to request appropriate relief.

## The Procedural Problem

Magistrate Judge Quinn's March 30, 2026, ruling was filed on the docket as a final "Order." However, the ruling addresses a dispositive matter—Plaintiff's motion for leave to amend her complaint to add substantive claims—and therefore should have been filed as a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). The parties did not consent to Magistrate Judge Quinn's jurisdiction to enter final orders on dispositive matters pursuant to 28 U.S.C. § 636(c). No consent order appears on the docket. Accordingly, Magistrate Judge Quinn lacked authority to enter a final order disposing of Plaintiff's motion for leave to amend. The ruling was misfiled and should be treated as a Report and Recommendation subject to this Court's de novo review.

Because the ruling was misfiled as a final order rather than properly designated as a Report and Recommendation, Plaintiff was deprived of the procedural mechanism to file timely objections under Rule 72(b). Plaintiff has prepared a comprehensive Memorandum of Law addressing the legal and factual errors in Magistrate Judge Quinn's ruling but cannot file it as "objections to a Report and Recommendation" because no Report and Recommendation exist on the docket.

 347-342-7432   ✉ tblackburn@tablackburnlaw.com   🌐 TABlackburnlaw.com

T. A. BLACKBURN LAW

Plaintiff respectfully requests that this Court treat Magistrate Judge Quinn's March 30, 2026, Order as a Report and Recommendation, conduct de novo review as required by Rule 72(b), and accept Plaintiff's attached Memorandum of Law as her objections.

<u>Magistrate Judge Quinn's Ruling is Dispositive
and Required a Report and Recommendation</u>

A.  *The Statutory and Rule Framework*

Under 28 U.S.C. § 636(b)(1), a magistrate judge may hear and determine non-dispositive pretrial matters, subject to reconsideration by the district court under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A). However, for dispositive matters, a magistrate judge may only submit to a judge of the court proposed findings of fact and recommendations for the disposition of the matter. 28 U.S.C. § 636(b)(1)(B). The district court must then make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

Federal Rule of Civil Procedure 72(b) codifies this framework, requiring that magistrate judges issue Reports and Recommendations on dispositive motions and affording parties fourteen days to file objections.

B.  *The Ruling Denying Leave to Amend State Law Claims Is Dispositive*

The Third Circuit has held that if the denial of a motion to amend disposes of a claim, the ruling is dispositive in nature and warrants de novo review. See <u>Chase Manhattan Bank v. Iridium Africa Corp., 294 F.Supp.2d 634 (2003)</u> (citing *Dominick D'Andrea* for the proposition that "if the denial of the motion to amend disposes of a claim, the magistrate judge's ruling is dispositive in nature"). Magistrate Judge Quinn's ruling denied Plaintiff leave to amend her complaint to add state-law claims under the New Jersey Conscientious Employee Protection Act (CEPA), the New Jersey Wage and Hour Law, the Wage Payment Law, the New Jersey Equal Pay Act, and common law claims for breach of contract and unjust enrichment. ECF No. 74 at 8-9.

Although styled as a denial "without prejudice as moot," the ruling has the practical and legal effect of disposing of those claims in federal court. The ruling denies Plaintiff the opportunity to plead these claims with the benefit of relation-back under Federal Rule of Civil Procedure 15(c), exposes Plaintiff to statute-of-limitations defenses if she attempts to reassert the claims in state court, and creates severe and irreversible prejudice. This is a final determination on the substantive question of whether Plaintiff may assert these claims, not a non-dispositive procedural ruling.

Courts in this Circuit have recognized that rulings on motions to amend are dispositive when they affect substantive rights or involve jurisdictional questions. In <u>Chase Manhattan Bank v. Iridium Africa Corp., 294 F.Supp.2d 634 (2003)</u>, the District of Delaware—within the Third Circuit—recognized that while "a magistrate judge's denial of a party's leave to amend is ordinarily a non-dispositive matter," if "the denial of the motion to amend disposes of a claim, the magistrate judge's ruling is dispositive in nature" and subject to de novo review, citing <u>Continental Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245 (1998)</u>. Similarly, <u>2015 WL 9076939</u> held that a ruling on a motion to amend affecting subject matter jurisdiction is dispositive.

Magistrate Judge Quinn's ruling expressly rests on the conclusion that the Court will be divested of supplemental jurisdiction over Plaintiff's state law claims upon the filing of a TAC without any federal claims. ECF No. 74 at 8-9. A ruling that determines this Court's subject matter

T. A. BLACKBURN LAW

jurisdiction and forecloses Plaintiff's ability to assert substantive claims is quintessentially dispositive.

C.  *Absent Party Consent, the Ruling Required a Report and Recommendation*

Because Magistrate Judge Quinn's ruling is dispositive, and because the parties did not consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c), the ruling should have been issued as a Report and Recommendation. The filing of a final order instead of an R&R was procedural error that deprived Plaintiff of her right to de novo review under Rule 72(b).

Plaintiff Has Prepared Comprehensive Objections and Requests the Court Accept the Attached Memorandum of Law as Opposition to The Report and Recommendation

Plaintiff has prepared a detailed Memorandum of Law addressing the substantive legal errors in Magistrate Judge Quinn's ruling. The Memorandum demonstrates that the ruling is contrary to law for multiple independent reasons, including misapplication of Federal Rule of Civil Procedure 15, failure to conduct proper prejudice analysis, failure to account for equitable and judicial estoppel arising from Defendants' pre-discovery misrepresentations before this Court, and misapplication of the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025).

Because Magistrate Judge Quinn's ruling was misfiled as a final order rather than designated as a Report and Recommendation, Plaintiff cannot file this Memorandum through the ordinary objections process under Rule 72(b). Plaintiff therefore respectfully requests that this Court accept the attached Memorandum of Law as Plaintiff's objections to Magistrate Judge Quinn's Report and Recommendation (as the March 30, 2026, Order should properly be characterized).

The Memorandum includes a request for oral argument pursuant to Local Civil Rule 78.1(b)(4), as the issues raised involve complex and unsettled questions of law at the intersection of Rule 15 amendment practice, supplemental jurisdiction, statute of limitations protections, and equitable estoppel.

Request For Relief

Plaintiff respectfully requests that this Court:

1. Treat Magistrate Judge Quinn's March 30, 2026, Order (ECF No. 74) as a Report and Recommendation for purposes of appellate review and procedural regularity.
2. Conduct de novo review of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).
3. Accept and consider Plaintiff's Memorandum of Law in Objection to Magistrate Judge Quinn's Order (attached hereto as Exhibit A and submitted concurrently via ECF) as Plaintiff's objections to the Report and Recommendation under Rule 72(b).
4. Grant Plaintiff's underlying motion for leave to file a Third Amended Complaint in its entirety, including the proposed CEPA, wage and hour, and contract claims.
5. Issue an express relation-back ruling under Federal Rule of Civil Procedure 15(c)(1)(B) confirming that the proposed amendments relate back to the date of Plaintiff's original December 2023 Complaint; and
6. Grant Plaintiff's request for oral argument on these objections pursuant to Local Civil Rule 78.1(b)(4).

347-342-7432    tblackburn@tablackburnlaw.com    TABlackburnlaw.com

## T. A. BLACKBURN LAW

Conclusion

Magistrate Judge Quinn's ruling denied Plaintiff leave to amend her complaint to add substantive state-law claims and involved determination of this Court's subject matter jurisdiction. It is a dispositive ruling that required a Report and Recommendation, not a final order. The misfiling of the ruling as a final order deprived Plaintiff of her procedural right to file objections and obtain de novo review.

Plaintiff respectfully requests that the Court correct this procedural irregularity by treating the March 30, 2026, Order as a Report and Recommendation, conducting de novo review, and accepting Plaintiff's Memorandum of Law as her objections under Rule 72(b).

Respectfully Submitted,

/s/ *Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

cc: Counsel for Defendants