UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

T. A. BLACKBURN LAW, PLLC
Tyrone A. Blackburn, Esq.
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
*Attorneys for Plaintiff Angela Roque*

| | |
|---|---|
| ANGELA ROQUE,<br><br>                    Plaintiff,<br><br>          v.<br><br>VENETIAN CARE &<br>REHABILITATION CENTER;<br>MATTHEW ORILLAZA;<br>ANALIZA PEREZ-RAMOS;<br>JOHN and JANE DOES 1-10, and<br>ABC CORPS.   1-10;<br><br>                    Defendants. | DOCKET NO.: 23-20659<br><br><br>Plaintiff's Objections to Magistrate Judge Quinn's Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to Amend, Request for Oral Argument Pursuant to L. Civ. R. 78.1 |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE QUINN'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND; REQUEST FOR ORAL ARGUMENT PURSUANT TO L. CIV. R. 78.1**

Plaintiff Angela Roque, by and through undersigned counsel, respectfully submits these objections to the Magistrate Judge's Order dated March 30, 2026 (ECF No. 74) ("Order"), pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 72.1(a)(2) and (c)(2). Plaintiff further respectfully requests oral argument pursuant to Local Civil Rule 78.1(b)(4), as the issues raised herein involve complex and unsettled questions of law at the intersection of Rule 15 amendment practice, supplemental jurisdiction, statute of limitations protections, and a plaintiff's right to be free from the procedural consequences of an adversary's material misrepresentations made in open court.

By:
Tyrone A. Blackburn, Esq.

1

TABLE OF CONTENTS

PRELIMINARY STATEMENT
PROCEDURAL BACKGROUND
   i.   The Original Complaint and Plaintiff's Timely Wage Claims
  ii.   Defendants' Pre-Discovery Representations Before Judge Castner
 iii.   The Operative Second Amended Complaint
 iv.   Discovery Reveals Defendants' Misrepresentation
  v.   The Proposed Third Amended Complaint
 vi.   Defendants' Opposition and the Cross-Motion for Sanctions
 vii.   Magistrate Judge Quinn's Order
viii.   The Practical Consequence: An Inequitable Catch-22
STANDARD OF REVIEW
ARGUMENT
I.     MAGISTRATE JUDGE QUINN'S DENIAL WITHOUT PREJUDICE AS MOOT IS CONTRARY TO RULE 15 AND DEPRIVES PLAINTIFF OF SUBSTANTIVE AMENDMENT RIGHTS
    A.  The Court Has Jurisdiction Now and Must Rule
    B.  CEPA's Statute of Limitations Is Non-Jurisdictional and Cannot Support a Mootness Ruling
II.    THE ORDER IS CLEARLY ERRONEOUS BECAUSE IT IGNORES SEVERE AND IRREVERSIBLE PREJUDICE TO PLAINTIFF
    A.  The Order's Refusal to Rule Strips Plaintiff of Relation-Back Protection
    B.  Without Relation-Back, Plaintiff's Claims Are Exposed to Statute-of-Limitations Bars
    C.  The Order's Prejudice Analysis Is Fundamentally Incomplete Because It Ignores the History Defendants Created
III.   DEFENDANTS ARE EQUITABLY AND JUDICIALLY ESTOPPED FROM BENEFITING FROM MISREPRESENTATIONS THAT INDUCED PLAINTIFF TO ABANDON HER ORIGINAL CLAIMS
IV.   THE ORDER MISAPPLIES ROYAL CANIN AND CREATES IRRECONCILABLE TENSION BETWEEN RULE 15 RIGHTS AND FORUM SELECTION
V.    IN THE ALTERNATIVE, THE COURT SHOULD GRANT CONDITIONAL AMENDMENT RELIEF PRESERVING RELATION-BACK PROTECTION
RELIEF REQUESTED
REQUEST FOR ORAL ARGUMENT
CONCLUSION

TABLE OF AUTHORITIES

Cases
- *Artis v. District of Columbia*, 583 U.S. 71, 138 S. Ct. 594 (2018)
- *Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989)
- *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874 (3d Cir. 1992)
- *Cummings v. Bahr*, 295 N.J. Super. 374, 685 A.2d 60 (App. Div. 1996)
- *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267 (3d Cir. 2001)
- *DLJ Mortgage Capital, Inc. v. Sheridan*, 975 F.3d 358 (3d Cir. 2020)
- *Estate of Ware v. Hospital of the University of Pennsylvania*, 871 F.3d 273 (3d Cir. 2017)
- *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962)
- *Glover v. F.D.I.C.*, 698 F.3d 139 (3d Cir. 2012)
- *Gosden v. Erazorbits, Inc.*, 2022 WL 20680826 (D.N.J. Aug. 31, 2022)
- *Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277 (3d Cir. 1993)
- *In re Sharps Run Associates, L.P.*, 157 B.R. 766 (D.N.J. 1993)
- *Katz v. Tata Consultancy Services Ltd.*, 2026 WL 44809 (D.N.J. Jan. 7, 2026)
- *Khartchenko v. American Oncologic Hospital, Inc.*, 2025 WL 2898100 (D.N.J. Oct. 10, 2025)
- *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S. Ct. 2485 (2010)
- *Long v. Wilson*, 393 F.3d 390 (3d Cir. 2004)
- *Lorenz v. CSX Corp.*, 1 F.3d 1406 (3d Cir. 1993)
- *Miller v. Beneficial Management Corp.*, 844 F. Supp. 990 (D.N.J. 1993)
- *Miller v. Beneficial Management Corp.*, 977 F.2d 834 (3d Cir. 1992)
- *Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773 (3d Cir. 2001)
- *Mullin v. Balicki*, 875 F.3d 140 (3d Cir. 2017)
- *Pell v. E.I. DuPont de Nemours Co., Inc.*, 539 F.3d 292 (3d Cir. 2008)
- *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 145 S. Ct. 41 (2025)
- *Sebelius v. Auburn Regional Medical Center*, 568 U.S. 145, 133 S. Ct. 817 (2013)
- *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000)
- *Southeastern Pennsylvania Transportation Authority v. Orrstown Financial Services Inc.*, 12 F.4th 337 (3d Cir. 2021)
- *Stone v. Trump*, 356 F. Supp. 3d 505 (D. Md. 2018)
- *T-Mobile Northeast LLC v. City of Wilmington, Delaware*, 913 F.3d 311 (3d Cir. 2019)
- *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130 (1966)
- *Victory v. Manning*, 128 F.2d 415 (3d Cir. 1942)

Statutes and Regulations
- 28 U.S.C. § 636(b)(1)(A)
- 28 U.S.C. § 1331
- 28 U.S.C. § 1367(a)
- 28 U.S.C. § 1367(c)
- 28 U.S.C. § 1367(d)
- 28 U.S.C. § 1927
- N.J.S.A. 34:11-4.3
- N.J.S.A. 34:11-56a (29)
- N.J.S.A. 34:19-5 (CEPA)

3

Rules

- Fed. R. Civ. P. 15(a)(2)
- Fed. R. Civ. P. 15(c)(1)(B)
- Fed. R. Civ. P. 41
- Fed. R. Civ. P. 54(b)
- Fed. R. Civ. P. 59(e)
- Fed. R. Civ. P. 60(b)
- Fed. R. Civ. P. 72(a)
- L. Civ. R. 72.1(a)(2)
- L. Civ. R. 72.1(c)(2)
- L. Civ. R. 78.1(b)(4)

## PRELIMINARY STATEMENT

Magistrate Judge Quinn's Order grants Plaintiff leave to file a Third Amended Complaint ("TAC") that drops her federal Title VII claims but denies without prejudice as moot Plaintiff's request to add state-law statutory claims under the New Jersey Conscientious Employee Protection Act ("CEPA"), the New Jersey Wage and Hour Law, the Wage Payment Law, and the New Jersey Equal Pay Act, as well as common law claims for breach of contract and unjust enrichment. Order at 8–9, ECF No. 74.

The Order is contrary to law and clearly erroneous for five independent reasons. It misapplies Rule 15 by using anticipated future loss of jurisdiction as a reason to avoid deciding amendments the Court admittedly has jurisdiction to decide today. It treats CEPA's statute of limitations as jurisdictional when it is not — a legal error that independently voids the mootness ruling. It ignores severe and irreversible prejudice to Plaintiff arising from loss of relation-back protection and potential statute-of-limitations bars. It misapplies Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025)(Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing — and § 1367(a) does not authorize a federal court to resolve them.)(voluntary amendment deleting all federal claims destroys supplemental jurisdiction as a matter of law, leaving no discretion to retain), by invoking that decision to acknowledge Plaintiff's forum-selection rights while refusing to exercise existing jurisdiction before those rights take effect. Additionally, it ignores the equitable estoppel principles that prevent Defendants from benefiting from misrepresentations they made before Judge Castner during a motion to dismiss pre motion conference call that induced Plaintiff to remove the very claims she now seeks to restore.

Plaintiff respectfully requests that this Court modify the Order to grant leave to file the full proposed TAC, issue an express relation-back ruling under Rule 15(c)(1)(B), and thereafter decide separately whether to retain or decline supplemental jurisdiction under 28 U.S.C. § 1367(c).

## PROCEDURAL BACKGROUND

### i.  The Original Complaint and Plaintiff's Timely Wage Claims

Plaintiff Angela Roque, a registered nurse and former Assistant Director of Nursing at Defendant Venetian Care & Rehabilitation Center, filed this employment discrimination and retaliation action in December 2023. Her original Complaint was comprehensive. It alleged race-based and pregnancy discrimination, retaliation for raising workplace safety concerns, and detailed wage and hour violations arising from Defendants' systematic denial of overtime compensation. Plaintiff worked fifteen-hour days, six days per week, and Defendants routinely denied her overtime pay in violation of N.J.S.A. 34:11-4.3. These wage claims were timely filed and properly before this

Court from the inception of the litigation.

ii.    <u>Defendants' Pre-Discovery Representations Before Judge Castner</u>

At the per motion to dismiss hearing before the Honorable Judge Georgette Castner, before any discovery had been conducted, Defendants made representations concerning the wage claims to Judge Castner which led the Court to strongly recommend that Plaintiff file a second amended complaint voluntarily dismissing the wage and hour claims because Defendants represented that Plaintiff was over time exempt because she was a Registered Nurse and could not receive overtime. In reliance on those representations, made by counsel in open court, Plaintiff amended her complaint to eliminate the standalone wage claims. She did so in good faith, believing that Defendants had committed to resolving those issues and that streamlining the complaint would promote judicial economy.

Plaintiff's reliance was entirely reasonable. At the pre-discovery stage, Plaintiff had no basis to doubt representations made by adversary counsel before a federal judge. Courts encourage parties to narrow claims and promote efficient litigation. Plaintiff acted in exactly that spirit.

iii.    <u>The Operative Second Amended Complaint</u>

The operative Second Amended Complaint ("SAC") alleges race-based and pregnancy discrimination, retaliation for requesting accommodations for a high-risk pregnancy, and retaliation under CEPA for raising concerns about workplace violations including wage irregularities, failures to accommodate pregnant employees, and regulatory compliance failures affecting patient care. Order at 1–2, ECF No. 74. The SAC asserts claims under Title VII, the New Jersey Law Against Discrimination ("NJLAD"), and CEPA. SAC, ECF No. 11.

Although Plaintiff removed the standalone wage claims in reliance on Defendants' representations, the SAC continues to incorporate the underlying wage violation facts. Those facts formed the factual basis of Plaintiff's CEPA retaliation claim: Plaintiff alleged she was terminated in retaliation for raising concerns about Defendants' systematic wage violations and regulatory non-compliance. The wage conduct was never removed from the case — only the standalone statutory theories were set aside at Defendants' implicit urging.

iv.    <u>Discovery Reveals Defendants' Misrepresentation</u>

Discovery revealed that Defendants' earlier representations were false or materially misleading. The wage violation claims were valid as Plaintiff was an LPN for a significant part of her employment and was entitled to overtime, and Plaintiff was then an RN for a period of her employment and was paid overtime. Defendants vigorously dispute their overtime obligations. The wage-related conduct remains a live, contested issue central to the factual dispute in this case. Upon

6

learning that Defendants' pre-discovery representations were inaccurate, Plaintiff moved to restore the wage claims she had removed in reliance on those representations. This is not forum shopping or gamesmanship. This is a plaintiff seeking to correct the harm caused by an adversary's misleading statements and to restore claims **she never should have abandoned** — claims that were timely, factually grounded, and properly asserted in her initial Complaint.

v.   The Proposed Third Amended Complaint

Plaintiff moved for leave to file a Third Amended Complaint. The proposed TAC eliminates all federal claims under Title VII, thereby eliminating the basis for federal-question jurisdiction. It retains existing state-law claims under NJLAD and CEPA as currently pled. It adds state-law statutory claims under the New Jersey Equal Pay Act, the New Jersey Wage and Hour Law, and the New Jersey Wage Payment Law — restoring the wage claims Plaintiff originally asserted but removed in reliance on Defendants' misrepresentations. It adds common law claims for breach of contract and unjust enrichment arising from the same wage practices. And it adds additional defendants and expands factual allegations concerning wage practices already referenced in the SAC. Proposed TAC, ECF No. 68-3.

Every one of the proposed additions arises from the same employment relationship, the same time period, the same retaliatory pattern, and the same wage and regulatory facts already pled in the SAC and originally pled in the initial Complaint. These are not new controversies. They are the same claims Plaintiff asserted on day one, seeking to be restored to the pleadings from which Defendants induced their removal.

vi.   Defendants' Opposition and the Cross-Motion for Sanctions

Defendants opposed the motion for leave to amend, arguing forum shopping, prejudice, and procedural impropriety. ECF No. 70-1. Defendants also cross-moved for sanctions under Rule 41 and 28 U.S.C. § 1927, alleging bad faith. Notably, Defendants' opposition made no mention of the representations made before Judge Castner that resulted in Plaintiff dropping the wage claims in the first instance, nor did Defendants acknowledge that Plaintiff seeks to restore claims she originally and timely asserted.

vii.   Magistrate Judge Quinn's Order

On March 30, 2026, Magistrate Judge Quinn issued the challenged Order. The Order grants Plaintiff's motion in part, permitting Plaintiff to file a TAC "identical to the presently operative Complaint (i.e., the Second Amended Complaint) with the federal claims omitted." Order at 10, ECF No. 74. The Order denies without prejudice as moot all other proposed amendments, reasoning: "To the extent that Plaintiff seeks further amendment to her Complaint, leave is denied without prejudice

as moot. The Court will be divested of supplemental jurisdiction over Plaintiff's state law claims upon the filing of a TAC without any federal claims." Order at 8–9, ECF No. 74. The Order makes no mention of Plaintiff's original wage claims, Defendants' pre-discovery representations, or Plaintiff's detrimental reliance on those representations.

viii.    The Practical Consequence: An Inequitable Catch-22

The Order's structure creates an inescapable trap. If Plaintiff files the narrow TAC permitted by the Order, the case leaves federal court under Royal Canin, and no federal court ever rules on whether the CEPA and wage amendments would be permitted or would relate back to December 2023. If Plaintiff then asserts her CEPA and wage claims in New Jersey state court, Defendants will invoke statute-of-limitations defenses that, due to the expired limitations periods, will create a substantial risk that the CEPA claim will be barred and significantly reduce recoverable damages on the wage claims.  Thus, Plaintiff is forced to choose between abandoning her claims or forfeiting them — a result directly contrary to Rule 15 and the Federal Rules' preference for resolving claims on the merits rather than on procedural technicalities.

This prejudice is compounded by the very history the Order ignores. Plaintiff originally and timely asserted these wage claims in December 2023. Defendants, as previously stated induced her to drop them. Discovery exposed the misrepresentation. In 2024 upon discovery of this intentional misrepresentation, Plaintiffs' counsel immediately raised this issue with the Defendants and demanded them to correct the record.  Plaintiff was met with, "well, it's not our fault you did not do you due diligence before filing," to which Plaintiff immediately informed the court via a letter and requested leave to amend.  Instead of dealing with the issue head on, this case was stayed and the parties were encouraged to mediate the case on two occasions.  The first mediation was a complete and total waste of Plaintiffs time.  The second mediation was before Magistrate Judge Quinn, and although Defendant increased their offer, their insurance carrier refused to consider any claims that were not in the operative second amended complaint, hence robbing plaintiff of her right to be fully compensated for all of her wage and hour damages.

A year, after Plaintiff first brought Defendants misrepresentation to the Courts attention, and after several letters, a motion for sanctions, and two motions to amend in order to restore these claims, the Court issues an Opinion which ignores all of this history and the main basis for Plaintiffs need to amend, and instructs plaintiff to file the third amended complaint with the exclusion of the lone federal claim leaving Plaintiff in an untenable position of forfeiting the very claims she originally filed at the inception of this litigation.

The Order's refusal to permit that restoration rewards Defendants for conduct that should

8

instead preclude them from raising procedural defenses against the very claims they intentionally misrepresented as prohibited due to Plaintiffs status as a Registered Nurse.  Relying on Defense counsels' misrepresentations, Judge Castner encouraged Plaintiff to amend the pleading and remove the wage and hour claims in order to avoid motion practice from the Defendants threatened motion to dismiss.

## STANDARD OF REVIEW

Plaintiff's objections are governed by Federal Rule of Civil Procedure 72(a), which directs that the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Legal conclusions are reviewed de novo and rejected when they are contrary to law. Stone v. Trump, 356 F. Supp. 3d 505, 511 (D. Md. 2018); Katz v. Tata Consultancy Servs. Ltd., 2026 WL 44809, at *8 (D.N.J. Jan. 7, 2026).

The Order's central holding — that the Court should decline to rule on the proposed state-law amendments because it will lose supplemental jurisdiction once the TAC is filed — is a legal conclusion subject to de novo, contrary-to-law review. Both the jurisdictional reasoning and the prejudice analysis are erroneous and require modification.

## ARGUMENT

I.  MAGISTRATE JUDGE QUINN'S "DENIAL WITHOUT PREJUDICE AS MOOT" IS CONTRARY TO RULE 15 AND DEPRIVES PLAINTIFF OF SUBSTANTIVE AMENDMENT RIGHTS

A.  The Court Has Jurisdiction Now and Must Rule

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave [to amend] when justice so requires. This is a mandate to be heeded. Foman v. Davis, 371 U.S. 178, 182 (1962). The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Id. The Third Circuit has consistently adopted a liberal approach to the allowance of amendments. DLJ Mortg. Capital, Inc. v. Sheridan, 975 F.3d 358, 369 (3d Cir. 2020).

Absent undue or substantial prejudice, an amendment should be allowed unless denial "can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). Critically, prejudice to the non-moving party is the touchstone for the denial of a motion to amend. Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993); Miller v. Beneficial Mgmt. Corp., 844 F. Supp. 990, 999 (D.N.J. 1993).

9

The Magistrate Judge did not apply this standard to the CEPA, wage, and contract amendments. He did not find bad faith, dilatory motive, futility, or undue prejudice to Defendants — to the contrary, the Order found no prejudice to Defendants. Without identifying any <u>Long</u> factor that would support denial, the Order declares those amendments "denied without prejudice as moot" on the sole ground that the Court will lose supplemental jurisdiction once the TAC is filed. That reasoning has no support in Rule 15, in <u>Foman</u>, or in Third Circuit precedent. Having found no prejudice to Defendants, the Court's refusal to adjudicate Plaintiff's proposed amendments cannot be justified under Rule 15 and rests solely on a jurisdictional sequencing decision that improperly produces dispositive substantive consequences for Plaintiff.  Outright refusal to grant leave to amend without any justifying reason appearing for the denial "is not an exercise of discretion;" it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. <u>Foman</u>, 371 U.S. at 182.

The Court has jurisdiction today to decide all proposed amendments. The SAC contains federal claims conferring jurisdiction under 28 U.S.C. § 1331. The motion for leave to amend is pending under that jurisdiction. Nothing in Rule 15, the supplemental jurisdiction statute, or <u>Royal Canin</u> requires a court to defer a Rule 15 ruling until after jurisdiction is established under the proposed amended pleading. Courts in this District have held that the "mere existence" of discretion to decline supplemental jurisdiction in the future "in no way renders the proposed claim implausible" and cannot serve as grounds for finding an amendment moot or futile. <u>Gosden v. Erazorbits, Inc.</u>, 2022 WL 20680826, at *2 (D.N.J. Aug. 31, 2022).

The Third Circuit has recognized that courts have an affirmative duty to freely allow amendments when jurisdictional questions are present, and that the general policy of the Federal Rules requires that an adjudication on the merits rather than technicalities of procedure and form shall determine the rights of the litigants. <u>Victory v. Manning</u>, 128 F.2d 415, 417 (3d Cir. 1942). The proper sequence is first to decide whether justice requires granting leave under Rule 15(a)(2), and only then to address the distinct question of whether to retain or decline supplemental jurisdiction under 28 U.S.C. § 1367(c). The Order collapses these two separate inquiries and sacrifices Plaintiff's Rule 15 rights to jurisdictional formalism. That is contrary to law.

B.  <u>CEPA's Statute of Limitations Is Non-Jurisdictional and Cannot Support a Mootness Ruling</u>

The Order's mootness rationale is independently flawed because it implicitly treats the potential expiration of CEPA's statute of limitations as a jurisdictional bar that would make amendment futile. That premise is legally incorrect. The Third Circuit has held that statutes of limitations and other filing deadlines ordinarily are not jurisdictional. <u>T-Mobile Ne. LLC v. City of Wilmington</u>, 913 F.3d 311, 324 (3d Cir. 2019) (citing <u>Sebelius v. Auburn Reg'l Med. Ctr.</u>, 568 U.S.

10

145, 154 (2013) (Most time bars are nonjurisdictional.)). To determine whether a statutory limitation is jurisdictional, a court must ask whether Congress has clearly stated that the rule is jurisdictional; absent such a clear statement, [we] should treat the restriction as nonjurisdictional in character. T-Mobile, 913 F.3d at 324.

Nothing in CEPA's text, N.J.S.A. 34:19-5, designates its one-year limitations period as jurisdictional. Nor does the Third Circuit treat CEPA's limitations period as a jurisdictional constraint on federal courts. Because the statute of limitations is non-jurisdictional, it is an affirmative defense subject to equitable tolling, estoppel, and relation-back under Rule 15(c) — not a barrier to the Court's authority to rule on the amendment motion. T-Mobile, 913 F.3d at 324 (holding that relation back is mandatory, not subject to additional equitable considerations, once the common-core-of-operative-facts test is met). The Court's failure to engage in any analysis of whether the CEPA limitations period could be tolled, related back, or otherwise addressed through equitable mechanisms is itself an independent basis to find the Order contrary to law.

## II. THE ORDER IS CLEARLY ERRONEOUS BECAUSE IT IGNORES SEVERE AND IRREVERSIBLE PREJUDICE TO PLAINTIFF

The Court acknowledged that prejudice analysis under Rule 15 requires focus on the hardship to the defendants if the amendment were permitted. Order at 6, ECF No. 74 (quoting Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272–73 (3d Cir. 2001)[1]). After analyzing Defendants' position, the Order found no prejudice to Defendants. Id. at 7–8. It then concluded that the Court thus sees no reason the case could not efficiently proceed in another forum. Id.

That conclusion is clearly erroneous because it considers only one side of the ledger. Courts may also consider, as an additional equitable consideration beyond the Foman factors, the prejudice denying leave to amend would cause to the plaintiff. Mullin v. Balicki, 875 F.3d 140, 150 (3d Cir. 2017). A Rule 15 analysis that ignores severe harm to the moving party while declaring the proceeding efficient for the non-moving party is not a proper exercise of discretion. Furthermore, the non-moving party must do more than merely claim prejudice; it must show that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely. Miller, 844 F. Supp. at 999 (citing Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)). Here, Defendants made no such showing — yet the Order rewarded them by eliminating Plaintiff's amendment rights entirely.

---

[1] Where a final, appealable judgment has been entered, a party seeking leave to amend must also move to set aside the judgment under Rule 59(e) or 60(b)); but see Mullin v. Balicki, 875 F.3d 140, 152 n.17 (3d Cir. 2017) (clarifying that this heightened standard applies only when a "final or appealable order" has been entered — not when a Rule 12 dismissal is entered while other claims remain pending and no Rule 54(b) certification has issued.

11

A. The Order's Refusal to Rule Strips Plaintiff of Relation-Back Protection

Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amendment relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading. The Third Circuit has explained that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. Glover v. F.D.I.C., 698 F.3d 139, 146 (3d Cir. 2012). Crucially, once the common-core-of-operative-facts test is satisfied, relation back is mandatory, and not subject to additional equitable considerations. T-Mobile Ne. LLC v. City of Wilmington, 913 F.3d 311, 327 (3d Cir. 2019).

In determining whether to grant leave to amend, courts apply the Rule 15(a) factors even when an amendment would alter the jurisdictional basis. See Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874 (3d Cir. 1992) (addressing relation-back under Rule 15(c) where amendment arose from same conduct, transaction, or occurrence and the new jurisdictional basis existed at the time of original filing). Every element of relation-back protection is satisfied here. The proposed CEPA, Wage and Hour, Wage Payment, and contract claims all arise from the same employment relationship at Venetian Care, the same time period, the same factual nucleus of wage violations and retaliatory termination, and facts expressly pled in the SAC and in Plaintiff's original December 2023 Complaint. Defendants have had notice of the wage-related facts since the inception of this case and cannot credibly claim surprise. Glover, 698 F.3d at 146.

Courts in this District applying Glover's notice-centered framework have recently confirmed that CEPA and parallel wage claims arising from the same employment relationship relate back to the original filing date, holding that notice is the linchpin of Rule 15(c) and that where the defendant has been on notice of the underlying factual conduct since the initial pleading, relation back is appropriate where the defendant had notice of the underlying conduct. Khartchenko v. Am. Oncologic Hosp., 2025 WL 2898100, at *17 (D.N.J. Oct. 10, 2025).

By refusing to rule on the proposed amendments, the Order denies Plaintiff a federal determination that these amendments are proper under Rule 15(c). That determination would protect Plaintiff in any subsequent state-court proceeding. Without it, Defendants will contend the claims are time-barred, creating a substantial risk that Plaintiff's claims will be deemed untimely, and Plaintiff will be left without the federal ruling that would have preempted that argument. The purpose of Rule 15 is to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving

12

disputes on their merits. T-Mobile, 913 F.3d at 327 (quoting Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 550 (2010)).

B. Without Relation-Back, Plaintiff's Claims Are Exposed to Statute-of-Limitations Bars

The limitations consequences of the Order are concrete. CEPA provides a one-year statute of limitations from discovery of the retaliatory act. N.J.S.A. 34:19-5. The New Jersey Wage and Hour Law provides a two-year statute for ordinary violations and six years for willful violations. N.J.S.A. 34:11-56a29. Without relation-back to December 2023, Plaintiff loses years of wage recovery for violations that were ongoing throughout her employment and that were always at the factual core of this case.

The Supreme Court recognized in Artis v. District of Columbia, 583 U.S. 71, 76 (2018), that dismissal of state claims without prejudice becomes tantamount to dismissal with prejudice when the applicable limitations period has run and the plaintiff cannot refile in state court. That is precisely the risk Plaintiff faces here. Plaintiff originally asserted all of these claims within the limitations period. She removed them in good-faith reliance on Defendants' representations. The Order's refusal to issue a relation-back ruling creates a substantial risk that Defendants' misrepresentation will operate as a permanent bar against claims Plaintiff timely and properly asserted wage and hour claims.

This is precisely the circumstance in which Rule 15's liberal amendment standard must be applied with maximum force — where denial or deferral of amendment results in the permanent loss of claims that were timely asserted and arise from the same operative facts. The Federal Rules do not permit procedural sequencing to operate as a mechanism for extinguishing claims on technical grounds where amendment would otherwise be allowed.

C. The Order's Prejudice Analysis Is Fundamentally Incomplete Because It Ignores the History Defendants Created

The Order's finding that the case could efficiently proceed in another forum is clearly erroneous because it addresses only litigation efficiency from Defendants' perspective and ignores the entire history that explains why Plaintiff no longer has these claims in her operative pleading. The Order makes no mention of Plaintiff's original wage claims, Defendants' representations before Judge Castner, Plaintiff's detrimental reliance on Defendants misrepresentation, or the discovery that revealed those representations were false. Any prejudice analysis should properly account for this procedural history to be complete and accurate. Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (courts should not dismiss a complaint without allowing amendment or finding that any amendment would be futile). Prejudice cuts both ways, and the Order erred by failing to weigh the severe and irreversible harm to Plaintiff against the finding of no prejudice to Defendants.

13

III. DEFENDANTS ARE EQUITABLY AND JUDICIALLY ESTOPPED FROM BENEFITING FROM MISREPRESENTATIONS THAT INDUCED PLAINTIFF TO ABANDON HER ORIGINAL CLAIMS

The equitable dimensions of this case independently compel modification of the Order. The Third Circuit has established that a party may invoke equitable estoppel upon proof of three elements: a material representation by the opposing party; reasonable and detrimental reliance upon that representation by the moving party; and extraordinary circumstances justifying estoppel relief. Pell v. E.I. DuPont de Nemours & Co., 539 F.3d 292, 306 (3d Cir. 2008)[2]. A representation is material if there is a substantial likelihood that it would mislead a reasonable party in making an adequately informed litigation decision. Id. at 300. Extraordinary circumstances can arise where there are affirmative acts of fraud, where there is a network of misrepresentations over an extended course of dealing, or where particular plaintiffs are especially vulnerable. Id. at 303-304.

All three elements are present here. Defendants' pre-discovery representations before Judge Castner — that during the duration of Plaintiffs employment she was overtime exempt because of her status as an RN which makes her unpaid overtime wage claims invalid — were material. A reasonable plaintiff in Plaintiff's position would rely on those representations in deciding whether to retain standalone wage claims in a federal complaint. Plaintiff relied on them, and the reliance was detrimental: she removed timely-asserted claims from her operative pleading. Discovery has since revealed that Defendants' representations were false or misleading, and Defendants now contest their wage obligations vigorously. The Defendants had plaintiffs time sheets, paystubs, and record of numerous overtime payments, yet they intentionally misrepresented a known fact to obtain an unethical litigation advantage. This pattern of intentional misrepresentations followed by repudiation constitutes the kind of network of misrepresentations over an extended course of dealing that the Third Circuit in Pell recognized as establishing extraordinary circumstances. Id. at 539 F.3d at 303-304.

The Third Circuit has further recognized that equitable tolling operates in parallel with equitable estoppel where an employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights. Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 845 (3d Cir. 1992). That principle applies with full force here: Defendants' representations before Judge Castner that during the duration of Plaintiffs employment she was overtime exempt because of her status as an RN which makes her unpaid overtime wage claims invalid, were precisely the kind of employer

---

[2] While Pell arose in the ERISA context, its three-part equitable estoppel framework applies beyond ERISA to any situation involving material misrepresentations inducing detrimental reliance.

conduct that lulled Plaintiff into abandoning her timely-asserted claims. Equitable tolling independently preserves those claims from any limitations bar Defendants now seek to impose, and Defendants cannot be heard to invoke a limitations period they effectively tolled through their own misrepresentations.

Beyond equitable estoppel and tolling, the doctrine of judicial estoppel independently bars Defendants from taking a position here that is inconsistent with the position they took before Judge Castner. The Third Circuit has articulated the judicial estoppel framework as follows: a party is estopped from asserting a position that is clearly inconsistent with a position it previously advanced in the same litigation, where the court accepted that prior position, and where the party asserting the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 779–80 (3d Cir. 2001). The Third Circuit further requires that the party changed position in bad faith—with intent to play fast and loose with the court—and that any sanction be tailored to address the harm identified, with no lesser sanction adequate to remedy the misconduct. Id. at 780-81.  Defendants represented before Judge Castner that the wage claims were not valid because Plaintiff is a registered nurse and was overtime exempt for the entire duration of her employment. Judge Castner acted on that representation, and Plaintiff acted on it as well by removing the wage claims. Months later Defendants produced irrefutable evidence which they had in their exclusive possession and control, which clearly shows that Plaintiff was NOT overtime exempt, and had been paid overtime on multiple occasions throughout the duration of her employment.  Defendants now take the untenable position — vigorously contesting their wage obligations and opposing Plaintiff's effort to restore the very claims they represented as non-existent. Judicial estoppel bars them from doing so.

The Third Circuit has recognized that even where a defendant uses legitimate litigation strategies, such conduct cannot thereafter form that defendant's argument for prejudice. Mullin v. Balicki, 875 F.3d 140, 157 (3d Cir. 2017) (A defendant that possesses an explosive document unknown to the plaintiff may use the legitimate litigation strategies at hand to delay disclosure of that document until absolutely necessary, but that delay cannot thereafter form that defendant's argument for prejudice if it leads to a belated request to amend.). The principle reflects the broader equitable rule that parties should not be permitted to play fast and loose with the judicial system by asserting inconsistent positions within the same litigation to gain procedural advantage. Cummings v. Bahr, 295 N.J. Super. 374, 386–87, 685 A.2d 60 (App. Div. 1996). New Jersey courts recognize that parties cannot play fast and loose with the judicial system by asserting inconsistent positions to gain

15

procedural advantage. <u>Cummings v. Bahr</u>, 295 N.J. Super. 374, 386-87, 685 A.2d 60 (App. Div. 1996).

The application here is straightforward. Defendants represented before Judge Castner that the wage disputes were not genuine due to plaintiffs' status as a registered nurse. That representation induced Plaintiff to remove the wage claims from her amended complaint. Discovery has revealed the representation was false. Defendants now stand to benefit from the removal of those claims by opposing Plaintiff's effort to restore them and by standing to raise statute-of-limitations defenses against those same claims if Plaintiff refiles in state court. Having made representations that secured a litigation advantage, Defendants cannot now exploit the procedural consequence of those representations. Equitable and judicial estoppel bar them from doing so.

## IV. THE ORDER MISAPPLIES *ROYAL CANIN* AND CREATES IRRECONCILABLE TENSION BETWEEN RULE 15 RIGHTS AND FORUM SELECTION

The Supreme Court's decision in <u>Royal Canin U.S.A., Inc. v. Wullschleger</u>, 604 U.S. 22 (2025), holds that when a plaintiff files an amended complaint eliminating the basis for federal jurisdiction, the court loses supplemental jurisdiction over the remaining state-law claims. The Court grounded this holding in the principle that the plaintiff is the master of the complaint, and that "the plaintiff's control over those matters extends beyond the time her first complaint is filed. <u>Id</u>. at 35.

The Order invokes <u>Royal Canin</u> to reject Defendants' forum-shopping argument, and Plaintiff agrees with that portion of the ruling. But the Order then uses <u>Royal Canin</u> to justify declining to rule on the CEPA and wage amendments as moot. This application is mistaken in two respects.

First, <u>Royal Canin</u> addresses only what happens after a jurisdictionally operative amended pleading is filed. The holding is triggered by the supersession of the prior complaint by a new one that lacks a federal jurisdictional basis. <u>Id</u>. at 604 U.S. at 30. That event has not yet occurred. The TAC has not been filed. The Court currently has jurisdiction over the SAC and over the motion for leave to amend. Nothing in <u>Royal Canin</u> authorizes a court, while jurisdiction remains intact, to preemptively decline to rule on amendment motions on the ground that jurisdiction will dissolve in the future. <u>Royal Canin</u> describes the jurisdictional consequence of filing an amended pleading — it does not alter the pre-filing obligation to rule on pending motions while jurisdiction is intact.

Second, and more fundamentally, <u>Royal Canin's</u> animating purpose is to protect plaintiff's procedural autonomy. The Court emphasized that plaintiff's control much about their suits, including the ability to establish — or not — the basis for a federal court's subject matter jurisdiction. <u>Id</u> at 604 U.S. at 35. The Order inverts this principle. Rather than protecting Plaintiff's procedural rights, it uses <u>Royal Canin</u> as a reason to deny Plaintiff a complete Rule 15 ruling — the very ruling needed to

make Plaintiff's forum choice meaningful. A plaintiff who drops federal claims to secure a state forum should not forfeit her Rule 15 rights in the process.

Once the amendments are granted, the supplemental jurisdiction factors of judicial economy, convenience, and fairness strongly favor retention of jurisdiction over these state-law claims in a single proceeding. Estate of Ware v. Hosp. of the Univ. of Pa., 871 F.3d 273, 286–87 (3d Cir. 2017) (where federal claims are adjudicated on the merits rather than voluntarily deleted, court retains discretion under § 1367(c) to exercise supplemental jurisdiction over state-law claims, guided by judicial economy, convenience, and fairness). The Third Circuit's decision in Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277 (3d Cir. 1993)[3], is directly on point. There, the court, quoting commentary, noted that if the dismissal of the main claim occurs late in the action, knocking [the dependent claims] down with a belated rejection of supplemental jurisdiction may not be fair, and that late-stage dismissals after substantial proceedings have occurred strongly favor retention under the factors of judicial economy, convenience, and fairness to litigants. Id. at 1284–85. This case has been litigated through multiple rounds of amendments, extensive motion practice, discovery disputes, and the instant objections proceeding. Dismissing Plaintiff's state-law wage and CEPA claims at this stage — after all of that activity, and after the wage facts have been woven through every iteration of the complaint since December 2023 — is precisely the inequitable outcome Growth Horizons identified as a misuse of the discretion to decline supplemental jurisdiction. The proper course is to grant the amendments, allow the full TAC to be filed, and then assess supplemental jurisdiction retention discretion on a complete record — not to use anticipated jurisdictional loss as a reason to avoid the Rule 15 determination altogether.

V.  IN THE ALTERNATIVE, THE COURT SHOULD GRANT CONDITIONAL AMENDMENT RELIEF PRESERVING RELATION-BACK PROTECTION

The Federal Rules of Civil Procedure must be liberally construed to avoid 'manifest injustice,' and justice impels strongly towards affording plaintiffs their day in court on the merits. In re Sharps Run Assocs., L.P., 157 B.R. 766, 777 (D.N.J. 1993). That principle compels the conditional relief Plaintiff seeks here.

Even if this Court has concerns about granting full amendment authority or retaining supplemental jurisdiction over the state-law claims, it retains ample discretion to craft conditional amendment relief that preserves Plaintiff's substantive rights. The Third Circuit has held that leave to

---

[3] Remanding for district court to exercise discretion under § 1367(c) as to whether to adjudicate or dismiss without prejudice the state-law breach of contract claim after federal Fair Housing Act claim was resolved on the merits; court must "take into account generally accepted principles of judicial economy, convenience, and fairness to the litigants") (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

17

amend is not an all-or-nothing proposition, and that courts may impose reasonable conditions on the right to amend in lieu of a pure grant or denial. Mullin v. Balicki, 875 F.3d 140, 149–50 (3d Cir. 2017). Relation back in certain cases encourages courts to decide cases on the merits, rather than a technicality, if a plaintiff merely seeks to amend a timely filed complaint after the statutory deadline has expired. Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc., 12 F.4th 337, 350 (3d Cir. 2021).

The Court could grant leave to amend the CEPA and wage claims today with an express finding that those amendments are proper under Rule 15(a)(2) and arise from and relate back under Rule 15(c)(1)(B) to, the conduct set out in Plaintiff's original December 2023 pleading. The Court could then allow Plaintiff to file the full TAC and, if it concludes that jurisdiction over the state-law claims should not be retained, decline supplemental jurisdiction under § 1367(c) and dismiss without prejudice — with the relation-back ruling on the record. This conditional approach honors both Royal Canin's protection of plaintiff's forum choice and Rule 15's command that justice be done through the amendment process. It costs Defendants nothing — the Order already found no prejudice to Defendants from the proposed amendments. And it preserves exactly the substantive right that Plaintiff stands to lose irreversibly if the Order is not modified.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff Angela Roque respectfully requests that this Court:

1. Grant Plaintiff leave to file the full proposed Third Amended Complaint submitted at ECF No. 68-3.
2. Issue an express ruling that the proposed CEPA, wage, and contract amendments are proper under Rule 15(a)(2) and relate back under Rule 15(c)(1)(B) to the original filing date of December 2023.
3. Separately consider whether to retain supplemental jurisdiction under 28 U.S.C. § 1367(c), applying the factors of judicial economy, convenience, and fairness as required by Est. of Ware and Artis.
4. In the alternative, grant conditional amendment relief under Mullin v. Balicki, issuing an express relation-back determination while deferring to the state court on the merits of the state-law claims; and
5. Grant oral argument pursuant to Local Civil Rule 78.1(b)(4) on the issues presented herein, and such other and further relief as the Court deems just and proper.

Plaintiff respectfully requests oral argument pursuant to Local Civil Rule 78.1(b)(4). The issues presented involve unsettled questions of law at the intersection of Rule 15 amendment practice, the application of Royal Canin to pending motions where jurisdiction has not yet dissolved, relation-back principles under Rule 15(c), the non-jurisdictional character of CEPA's statute of limitations, and the equitable rights of a plaintiff who removed timely-asserted claims in reasonable reliance on adversary misrepresentations made in open court. These questions are not routine and warrant the Court's direct attention through oral presentation. Plaintiff is prepared to address any questions the

Court may have and respectfully submits that this matter warrants resolution through oral argument before a ruling is issued.

CONCLUSION

Magistrate Judge Quinn's Order correctly rejected Defendants' sanctions motion and correctly recognized that <u>Royal Canin</u> permits Plaintiff to eliminate federal claims and elect a state forum. It erred, however, in using that recognition as a basis for avoiding the separate and controlling question of whether Rule 15 required a ruling on Plaintiff's proposed CEPA, wage, and contract amendments before jurisdiction dissolved. That refusal is contrary to Rule 15 and deprives Plaintiff of substantive rights she is entitled to protect through the amendment process. It is clearly erroneous because it ignores the severe and irreversible prejudice Plaintiff faces from loss of relation-back protection and potential statute-of-limitations bars. It ignores the equitable and judicial estoppel principles that should prevent Defendants from benefiting from representations that induced Plaintiff to abandon claims she had timely and properly asserted. And it misapplies <u>Royal Canin</u> by transforming a decision that protects plaintiff's procedural autonomy into a mechanism for defeating it.

This Court should modify the Order, grant leave to file the full proposed TAC, and issue the relation-back ruling that will ensure Plaintiff's original December 2023 claims are not placed at substantial risk of being extinguished by the very procedural maneuver Defendants set in motion through their own misrepresentations before Judge Castner. The result Plaintiff seeks is modest: a ruling that the proposed amendments are proper, a relation-back finding that protects what was timely asserted, and a subsequent, separate determination of the appropriate forum. Defendants are not prejudiced by that result. Plaintiff is irreparably harmed without it.

Dated:
April 6, 2026                                                    Respectfully submitted,

                                                                */s/ Tyrone Blackburn, Esq.*
                                                                Tyrone A. Blackburn, Esq.
                                                                Attorney for Plaintiffs
                                                                1242 E. 80th Street, 3rd Floor
                                                                Brooklyn, New York 11236
                                                                Telephone: (347) 342-7432

To:

*Counsel for Defendant's*

19