UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

T. A. BLACKBURN LAW, PLLC
Tyrone A. Blackburn, Esq.
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
*Attorneys for Plaintiff Angela Roque*

| | |
|---|---|
| ANGELA ROQUE,<br>                    Plaintiff,<br>          v.<br><br>VENETIAN CARE &<br>REHABILITATION CENTER.<br>MATTHEW ORILLAZA.<br>ANALIZA PEREZ-RAMOS.<br>JOHN and JANE DOES 1-10, and<br>ABC CORPS.   1-10.<br>                    Defendants. | DOCKET NO.: 23-20659<br><br>Motion For Expedited Consideration of Plaintiff's Objections to Magistrate Judge Quinn's Order; Renewed Request for Oral Argument |

**MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE QUINN'S ORDER; RENEWED REQUEST FOR ORAL ARGUMENT**

By:
Tyrone A. Blackburn, Esq.

1

## TABLE OF CONTENTS

Introduction
I.      The Jurisdictional and Procedural Issue Requires Prompt Resolution.
II.     Time-Sensitive Prejudice to Plaintiff's Substantive Claims.
III.    The Legal Issues Are Fully Briefed and Ready for Decision.
Conclusion

## TABLE OF AUTHORITIES

CASES
- <u>Artis v. District of Columbia</u>, 583 U.S. 71, 138 S. Ct. 594 (2018).
- <u>Boody v. Township of Cherry Hill</u>, 997 F. Supp. 562 (D.N.J. 1997).
- <u>Chase Manhattan Bank v. Iridium Africa Corp.</u>, 294 F. Supp. 2d 634 (D. Del. 2003).
- <u>Continental Cas. Co. v. Dominick D'Andrea, Inc.</u>, 150 F.3d 245 (3d Cir. 1998).
- <u>Green v. Jersey City Bd. of Educ.</u>, 177 N.J. 434, 828 A.2d 883 (2003).
- <u>Royal Canin U.S.A., Inc. v. Wullschleger</u>, 604 U.S. 22, 145 S. Ct. 41 (2025).
- <u>Teklewolde v. Onkyo USA Corp.</u>, No. 06-1097 (DMC), 2006 WL 3779755 (D.N.J. Dec. 20, 2006).

STATUTES
- 28 U.S.C. § 636(b)(1).
- 28 U.S.C. § 636(b)(1)(A).
- 28 U.S.C. § 636(b)(1)(B).
- N.J.S.A. 34:11-56a (29).
- N.J.S.A. 34:19-5.

RULES
- Fed. R. Civ. P. 15(a)(2).
- Fed. R. Civ. P. 15(c)(1)(B).
- Fed. R. Civ. P. 72(a).
- Fed. R. Civ. P. 72(b).
- L. Civ. R. 7.1.
- L. Civ. R. 78.1(b)(4).

<u>INTRODUCTION</u>

Plaintiff Angela Roque, by and through undersigned counsel, respectfully moves this Court pursuant to Local Civil Rule 7.1 for expedited consideration of Plaintiff's objections to Magistrate Judge Quinn's March 30, 2026, Order (ECF No. 74), filed as ECF Nos. 75 and 75-1 on April 6, 2026. Plaintiff further respectfully renews her request for oral argument pursuant to Local Civil Rule 78.1(b)(4). In support of this Motion, Plaintiff states as follows:

## I.     THE JURISDICTIONAL AND PROCEDURAL ISSUE REQUIRES PROMPT RESOLUTION

As set forth in Plaintiff's April 6, 2026 letter-motion (ECF No. 75), Magistrate Judge Quinn's ruling presents a threshold question of judicial authority under 28 U.S.C. § 636(b)(1): whether Magistrate Judge Quinn had authority to enter a final order disposing of Plaintiff's motion to amend, or whether the ruling should have been issued as a Report and Recommendation subject to this Court's de novo review under Federal Rule of Civil Procedure 72(b).

The Third Circuit has recognized that "if the denial of the motion to amend disposes of a claim, the magistrate judge's ruling is dispositive in nature" and warrants de novo review. <u>Chase Manhattan Bank v. Iridium Africa Corp.</u>, 294 F. Supp. 2d 634 (D. Del. 2003) (citing <u>Continental Cas. Co. v. Dominick D'Andrea, Inc.</u>, 150 F.3d 245 (3d Cir. 1998)).

Magistrate Judge Quinn's ruling denied Plaintiff leave to assert state-law claims under the New Jersey Conscientious Employee Protection Act (CEPA), the New Jersey Wage and Hour Law, the Wage Payment Law, the New Jersey Equal Pay Act, and common law claims for breach of contract and unjust enrichment. The ruling rested explicitly on a determination that this Court "will be divested of supplemental jurisdiction" upon filing of the Third Amended Complaint. ECF No. 74 at 8–9.

That ruling implicates both this Court's subject matter jurisdiction and Plaintiff's substantive right to amend under Rule 15. It is therefore dispositive in nature and should have been issued as a Report and Recommendation. The procedural irregularity requires prompt correction to preserve Plaintiff's appellate rights and ensure proper judicial review.

## II.     TIME-SENSITIVE PREJUDICE TO PLAINTIFF'S SUBSTANTIVE CLAIMS

Beyond the procedural defect, expedited consideration is warranted by the concrete, time-sensitive prejudice Plaintiff faces under the current posture.

CEPA's one-year statute of limitations has already run on Plaintiff's proposed CEPA retaliation claim. N.J.S.A. 34:19-5. The statute of limitations on a CEPA claim begins to run from the

3

date of the final retaliatory act. <u>Boody v. Twp. of Cherry Hill</u>, 997 F. Supp. 562, 567–68 (D.N.J. 1997); <u>Green v. Jersey City Bd. of Educ.</u>, 177 N.J. 434, 437–38, 828 A.2d 883 (2003) (limitations run from final act when retaliation is part of continuing course of conduct); <u>Teklewolde v. Onkyo USA Corp.</u>, No. 06-1097 (DMC), 2006 U.S. Dist. LEXIS 91906, at *6 (D.N.J. Dec. 20, 2006). In cases of discrete retaliatory acts, such as termination, the limitations period typically begins on the date of termination. The New Jersey Wage and Hour Law imposes a two-year limitations period for ordinary violations and a six-year period for willful violations. N.J.S.A. 34:11-56a (29).

Without a federal ruling on relation-back under Federal Rule of Civil Procedure 15(c)(1)(B), Plaintiff faces substantial risk that these claims—originally and timely asserted in her December 2023 Complaint—will be deemed time-barred if she is forced to reassert them in state court after dismissal from federal court.

The Supreme Court recognized in <u>Artis v. District of Columbia</u>, 583 U.S. 71, 76 (2018), that dismissal of state claims "without prejudice becomes tantamount to dismissal with prejudice when the applicable limitations period has run and the plaintiff cannot refile in state court." That is precisely the risk Plaintiff confronts here.

As detailed in Plaintiff's objections memorandum (ECF No. 75-1), Plaintiff originally asserted these wage claims in December 2023, removed them in good-faith reliance on Defendants' pre-discovery representations before this Court that the wage disputes were not genuine, and now seeks to restore them after discovery revealed those representations were false.

Plaintiff is entitled to a federal determination that these amendments are proper under Rule 15(a)(2) and relate back to the original pleading under Rule 15(c)(1)(B) before being forced to choose between abandoning her claims or forfeiting them to limitations defenses in state court.

Every day of delay increases the recoverable-damages gap under the Wage and Hour Law's rolling two- and six-year windows. Prompt resolution is needed to preserve Plaintiff's substantive rights and avoid the manifest injustice of rewarding Defendants' misrepresentations with procedural immunity from wage claims Defendants themselves induced Plaintiff to remove.

## III.    THE LEGAL ISSUES ARE FULLY BRIEFED AND READY FOR DECISION

Plaintiff's comprehensive objections memorandum (ECF No. 75-1) has been on file since April 6, 2026. The memorandum addresses:

1. The jurisdictional error in treating anticipated future loss of supplemental jurisdiction as a basis to avoid deciding a Rule 15 motion while jurisdiction remains intact.

2. The clear legal error in treating CEPA's statute of limitations as jurisdictional when the

Third Circuit has held limitations periods are ordinarily non-jurisdictional and subject to relation-back under Rule 15(c).

3. The prejudice analysis error in ignoring severe and irreversible harm to Plaintiff while finding no prejudice to Defendants.

4. The applicability of equitable and judicial estoppel arising from Defendants' material misrepresentations before this Court; and

5. The proper application of Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025), which holds that jurisdiction follows the operative amended pleading and requires remand once federal claims are excised. Nothing in Royal Canin requires or authorizes a district court to preemptively decline to rule on a pending Rule 15 motion based on anticipated future loss of jurisdiction. Royal Canin protects plaintiff procedural autonomy in deciding whether to proceed in federal or state court, but that choice arises after the court rules on the propriety of amendment under Rule 15.

The issues are purely legal, involve no additional fact development, and are ready for decision. Oral argument would assist the Court in resolving the complex intersection of Rule 15 amendment rights, supplemental jurisdiction discretion, relation-back doctrine, and equitable estoppel principles.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the instant Motion, expedite consideration of Plaintiff's objections to Magistrate Judge Quinn's March 30, 2026 Order, schedule oral argument at the Court's earliest convenience, and issue a prompt ruling addressing the threshold jurisdictional issue, Plaintiff's substantive motion for leave to amend, and the relation-back question under Rule 15(c)(1)(B). Given the concrete and time-sensitive prejudice Plaintiff faces—including the expiration of CEPA's one-year limitations period and the daily erosion of recoverable damages under the Wage and Hour Law—expedited resolution is essential to preserve Plaintiff's substantive rights and ensure that procedural formalism does not reward Defendants' misrepresentations with immunity from claims Defendants themselves induced Plaintiff to remove. The issues are fully briefed, purely legal, and ready for decision.

Dated:
April 14, 2026

To:

5

Respectfully
submitted,

*/s/ Tyrone Blackburn,*
*Esq.*
*Counsel for Defendant's*

Tyrone A. Blackburn, Esq.
Attorney for Plaintiff
1242 E. 80th Street, 3rd Floor
Brooklyn, New York 11236
Telephone: (347) 342-7432

6