**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANGELA ROQUE,<br><br>               Plaintiff,<br><br>vs.<br><br>VENETIAN CARE & REHABILITATION CENTER; MATTHEW ORILLAZA ANALIZA PEREZ-RAMOS; JOHN and JANE DOES 1-10; and ABC CORPS. 1-10.<br><br>               Defendants. | CIVIL ACTION NO.: 3:23-CV-20659-GC-JTQ |

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION REQUESTING DE NOVO REVIEW OF MAGISTRATE JUDGE QUINN'S MARCH 30, 2026, ORDER

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**
15 East Midland Avenue, Suite 3A
Paramus, NJ 07652
Tel: (201) 614-6350
*Attorneys for Defendants, Venetian Care & Rehabilitation Center, Matthew Orillaza, and Analiza Perez-Ramos*

On the Brief:
Jacqueline Voronov, Esq.

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................ 3

**PROCEDURAL HISTORY** .................................................................................... 5

**STANDARD OF REVIEW** .................................................................................... 8

**LEGAL ARGUMENT** .......................................................................................... 10

**POINT I** ................................................................................................................. 10

    **JUDGE QUINN'S ORDER IS NON-DISPOSITIVE AND REVIEWED FOR CLEAR ERROR** ............................................................................................................. 10

**POINT II** ............................................................................................................... 11

    **EVEN UNDER DE NOVO REVIEW, THE MAGISTRATE JUDGE'S ORDER WAS CORRECT AND PLAINTIFF IS NOT ENTITLED TO MANIPULATE THE FORUM TO OBTAIN ADVISORY RULINGS** ................................................................ 11

**POINT III** ............................................................................................................. 12

    **PLAINTIFF IDENTIFIES NO AUTHORITY REQUIRING THE COURT TO DECIDE STATE-LAW MERITS ISSUES BEFORE RELINQUISHING JURISDICTION** ......... 12

**POINT IV** ............................................................................................................. 13

    **PLAINTIFF'S MOTION SEEKS ADVISORY RELIEF ON ISSUES THAT ARE NEITHER RIPE NOR NECESSARY FOR THIS COURT TO DECIDE** ........................ 13

    **CONCLUSION** .................................................................................................. 14

Defendants, Venetian Care & Rehabilitation Center, Matthew Orillaza, and Analiza Perez-Ramos (collectively referred to as "Defendants"), respectively submit this Memorandum of Law in opposition to Plaintiff's Motion Requesting De Novo Review of Magistrate Judge Quinn's March 30, 2026, Order granting in part and denying in part Plaintiff's Motion seeking leave to file a Third Amended Complaint. (the "Order") **[ECF75]**.

## PRELIMINARY STATEMENT

Plaintiff's submission is styled as an "objection" to a Magistrate Judge's non-dispositive order.[1] In substance, however, it is an improper attempt to obtain an advisory ruling and a merits determination on a motion the Court has already correctly resolved within its broad discretion.

Magistrate Judge Quinn did exactly what the Federal Rules require. He applied Rule 15, found no prejudice to Defendants, permitted Plaintiff to amend her pleading to remove her federal claims, and declined, without prejudice, to adjudicate additional proposed state-law amendments that would become jurisdictionally irrelevant upon the filing of that amended complaint. That is not error. It is routine case management.

Plaintiff's dissatisfaction stems not from any legal defect in the Order, but from the consequences of her own litigation strategy. Plaintiff affirmatively chose to abandon the only claims conferring federal jurisdiction. Having done so, she now seeks to compel this Court to rule on the viability, scope, and timeliness of purely state-law claims that she intends to pursue outside of federal court. Rule 72 does not permit that maneuver. Nor does Rule 15, or any other authority Plaintiff invokes.

---

[1] Plaintiff argues that Judge Quinn's Order is, in fact, dispositive.

Plaintiff attempts to manufacture a "Catch-22" of her own making: she voluntarily eliminates federal jurisdiction, then insists the Court must issue substantive rulings before that jurisdiction disappears. But a party cannot both divest the Court of jurisdiction and demand that it exercise it. Judge Quinn's Order properly refused to engage in that contradiction by declining to issue what would amount to an advisory opinion on claims no longer properly before the Court.

Plaintiff identifies no clear error of law. She identifies no misapplication of Rule 15. And she identifies no authority requiring a federal court to adjudicate proposed amendments to claims over which it is about to lose jurisdiction by the Plaintiff's own design. Instead, Plaintiff repackages her prior motion, recasts routine discretionary case management as reversible error, and seeks a different outcome under the guise of Rule 72. That is not a proper objection. It is an impermissible attempt at a do-over.

This Honorable Court should reject it.

**PROCEDURAL HISTORY**

Plaintiff initiated administrative proceedings with the EEOC by filing a Charge of Discrimination on April 25, 2023. Despite not receiving a Right to Sue letter, Plaintiff prematurely filed her Complaint in this District Court on September 25, 2023. Two (2) days later, but before service of the original Complaint, Plaintiff filed her First Amended Complaint ("FAC"). **[ECF 3].**

The FAC named as parties Venetian Care & Rehabiligation Center, Matthew Orillaza and Analiza Ramos.  The operative facts were relatively few (paragraphs 13 to 32).  Of the eight (8) counts outlined in the FAC, the first five (5) arose under New Jersey state law and included- among other things- various wage and hour claims purporting that Plaintiff was not paid overtime.  The FAC also posited a claim arising under New Jersey's Conscientious Employee Protection Act, N.J.S.A 34:19-1,("CEPA"), alleging that she voiced concerns to Human Resources about (1) violations of wage and hour laws; (2) violations of disability laws for failing to accommodate pregnancy; (3) violation of laws related to a resident elopement and failure to follow COVID guidelines. **[ECF 3; Counts I-5].** The remaining federal claims, counts six (6) through eight (8), ostensibly asserted the exact same thing three (3) times over- to wit, that Venetian discriminated and/or retaliated against Plaintiff because she was a pregnant, Afro-Latina woman.

On November 27, 2023, Defendants requested leave to file a Motion to Partially Dismiss the FAC. Specifically, Defendants sought dismissal of Plaintiff's wage and hour claims because Plaintiff was a salaried exempt Assistant Director of Nursing who was not entitled to overtime pay.  Plaintiff's LAD claim against the individual Defendants, Orillaza and Perez-Ramos, as set forth in Count Five of the Complaint was inadequate as a matter of law because these individuals were not Plaintiff's employer, and the LAD does not provide for direct primary individual liability. Defendants sought dismissal of Counts Seven and Eight because they were identical and

duplicative of Count Six in that they sought redress for alleged discrimination on the basis of Plaintiff's gender/pregnancy and/or race in violation of Title VII.  Briefing was not necessary as Plaintiff agreed to voluntarily cure the deficiencies and withdrew all the wage and hour claims. She filed a Second Amended Complaint ("SAC") on February 19, 2024. **[ECF 11].**

After Defendants objected to discovery demands in excess of those permitted by the Case Management Order, Plaintiff abruptly filed a Notice of Voluntary Dismissal of her federal claims on August 17, 2024, and gave notice of her intent to refile in New Jersey state court. **[ECF No. 21].**  The day prior, Plaintiff's counsel sent an email to defense counsel quite clearly conveying Plaintiff's game plan:



I will file leave for permission to request additional interrogatories.  There are three defendants, and there is no way 25 interrogatories are enough.  I'll discuss with the Plaintiff her right to voluntarily withdraw all federal claims and have this case sent to state court, where there are no discovery restrictions and no cap on recovery.  I am certain this Court would not retain jurisdiction for a case that has no diversity or federal question.

Two (2) days later, Defendants sought court intervention to address these tactics. **[ECF No. 22].**  The parties, thereafter, agreed to mediate the matter. On August 20, 2024, Plaintiff's counsel notified this Court of the parties' agreement to mediate and requested a 90-day stay of the Motion to Voluntarily Dismiss her claims. **[ECF No. 29].**

Mediation was held on October 10, 2024, and was wildly unsuccessful for a multitude of reasons, none of which had anything to do with Defendants. On November 20, 2024, Defendants requested the Court restore the case to the trial docket. **[ECF No. 30].** While Plaintiff did not object to restoration, she again attempted to have the matter dismissed for lack of jurisdiction, arguing that she had voluntarily dismissed her federal claims pursuant to Rule 41. **[ECF No. 31].**

Defendants responded by requesting a briefing schedule to address Plaintiff's continued efforts at forum manipulation. **[ECF No. 33].**

On December 4, 2024, a status conference was held before Judge Quinn during which he explained to Plaintiff that she could not simply voluntarily dismiss her claims without prejudice under Rule 41(a)(1), as Defendants had already interposed an Answer. Instead, Plaintiff was directed that she must obtain court approval to voluntarily dismiss her claims. Plaintiff was ordered to provide a copy of her proposed amendments and confer in good faith. **[ECF No. 35].**

Plaintiff filed her original Motion seeking leave to file her Third Amended Complaint on March 25, 2025, this time invoking Rule 15 rather than Rule 41. **[ECF No. 47].** Defendants filed opposition to Plaintiff's Motion to Amend on April 21, 2025, with a Cross-Motion for fees, costs, and sanctions. **[ECF No. 50].** Plaintiff filed her reply brief the following day. [**ECF No 51**].

On July 8, 2025, Plaintiff submitted a letter seeking leave to amend the caption to reflect "Venetian Care and Rehabilitation Center d/b/a Raritan Post Acute Care Center," alleging that Defendant Venetian was operating under that name. [**ECF No. 54**]. Defendants promptly opposed, explaining that the facility had not been "renamed" but rather sold in its entirety with a complete transfer of ownership to a separate and distinct entity. [**ECF Nos. 55 and 61**]. On July 30, 2025, the Court denied Plaintiff's request to amend the caption, and directed Plaintiff to file a single consolidated motion for leave to amend the complaint, including any request to amend the caption. The Court also terminated the pending motion to amend/cross-motion. [**ECF No. 65**]. The instant renewed Motion for Leave to Amend was filed by Plaintiff on August 18, 2025. [**ECF No. 68**]. Defendants likewise refiled their Cross-Motion for fees, costs and sanctions. **[ECF70].**

It is readily apparent that the proposed Third Amended Complaint ("TAC") expands the case dramatically, adding multiple new defendants, including an alleged parent entity and several

former corporate actors, introducing entirely new statutory schemes, and asserting brand-new common law claims for breach of contract and unjust enrichment. More fundamentally, it injects sweeping new factual theories spanning a five-year period (2017–2022), including detailed allegations of payroll manipulation, and even purported healthcare fraud, falsification of medical records, and regulatory violations- <u>none</u> of which formed the basis of any of the claims actually asserted in the operative pleading. What was once a discrete employment termination case has been transformed into a sprawling, multi-year challenge to Defendants' business operations. These are not clarifications or amplifications of existing claims; they are brand new legal theories supported by new facts, new actors, and a vastly expanded timeframe.

By way of Order dated March 30, 2026 **[ECF74]**, Judge Quinn, examining this case "through the lens of Rule 15," and applying the Supreme Court's holding in <u>Royal Canin USA Inc. v Wullschleger</u>, 604 U.S. 22 (2025), held that Plaintiff was permitted to file a Third Amended Complaint eliminating her federal claims, thereby divesting the Court of supplemental jurisdiction over Plaintiff's state law claims. <u>Id</u>. Plaintiff now seeks a de novo review of that Order and an advisory ruling that Plaintiff's state law claims "relate back" to the filing of the SAC and were timely filed.

## STANDARD OF REVIEW

"A United States Magistrate Judge may 'hear and determine any [non-dispositive] pretrial matter pending before the court.'" <u>Cardona v. General Motors Corp.</u>, 942 F. Supp. 968, 971 (D.N.J. 1996) (*quoting* 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). The District Court exercises appellate review over the orders of Magistrate Judges pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure ("Federal Rule") 72(a), and Local Civil Rule 72.1(c). On appeal from such an order, the scope of the Court's review is narrow. Matters referred

to a Magistrate Judge pursuant to 28 U.S.C. § 636(b) are subject to two standards of review: (1) a clearly erroneous or contrary to law standard for non-dispositive matters, and (2) a *de novo* standard for dispositive matters. NLRB v. Frazier, 966 F.2d 812, 816 (3d Cir. 1992).

A ruling is clearly erroneous where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (*quoting* United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). "A ruling is 'contrary to law' when the magistrate judge has misinterpreted or misapplied the applicable law." Romero v. Ahsan, No. 13-7695, 2015 WL 5455838, at *3 (D.N.J. Sept. 16, 2015) (*citing* Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).

Motions for leave to amend under Rule 15(a) are quintessentially non-dispositive matters committed to the Magistrate Judge's broad discretion. *See* Patel v. Meridian Health Sys., Inc., 666 F. App'x 133, 136 (3d Cir. 2016) ("[A] motion for leave to amend is non-dispositive."); *see* Jordan v. Tapper, 143 F.R.D. 567, 571 (D.N.J. 1992). Accordingly, such determinations are reviewed under Rule 72(a)'s deferential standard- not as if presented to the Court in the first instance. *See, e.g.*, Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272–73 (3d Cir. 2001) (recognizing district courts' discretion in adjudicating motions to amend); *Moore's Fed. Practice,* § 72.02[8]. However, if the denial of the motion to amend disposes of a claim, the magistrate judge's ruling is dispositive in nature. *See* Continental Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir.1998).

**LEGAL ARGUMENT**

**POINT I**

**JUDGE QUINN'S ORDER IS NON-DISPOSITIVE AND REVIEWED FOR CLEAR ERROR**

Plaintiff's threshold premise- that the Magistrate Judge issued a dispositive ruling subject to de novo review- is incorrect. Judge Quinn's Order did not adjudicate any claim on the merits, dismiss any cause of action, or enter judgment. Rather, the Court granted Plaintiff leave to amend her pleading so that she may withdraw her federal claims. That is a quintessential non-dispositive, case-management ruling governed by Federal Rule of Civil Procedure 15 and reviewed, if at all, under the "clearly erroneous or contrary to law" standard applicable to Magistrate Judge orders on non-dispositive matters.

The fact that the amendment had the practical consequence of eliminating the basis for federal jurisdiction does not transform the ruling into a dispositive one. Courts routinely recognize that the nature of the ruling, not its downstream effect, controls the standard of review. An order permitting amendment is not dispositive simply because it alters the jurisdictional posture of the case. Judge Quinn did not dismiss Plaintiff's claims; ***Plaintiff chose*** to withdraw her federal claims, and the Court then exercised its discretion under supplemental jurisdiction principles to decline to retain the remaining state-law claims.

Put differently, the operative decision was procedural, not substantive. The Magistrate Judge did not resolve any element of Plaintiff's claims, did not determine their viability, did not reach the merits of any state-law issue, did not enter judgment, and did not end litigation on any claim with prejudice. The Order merely allowed Plaintiff to reshape her pleading- a classic non-dispositive function entrusted to the Magistrate Judge. That the amendment ultimately led to the

Court's decision to decline supplemental jurisdiction does not convert the initial leave-to-amend ruling into a dispositive determination.

Accordingly, Plaintiff's demand for de novo review is misplaced. The Magistrate Judge's Order should be reviewed, if at all, under the deferential "clearly erroneous or contrary to law" standard," and under that standard, it plainly stands.

**POINT II**

**EVEN UNDER DE NOVO REVIEW, THE MAGISTRATE JUDGE'S ORDER WAS CORRECT AND PLAINTIFF IS NOT ENTITLED TO MANIPULATE THE FORUM TO OBTAIN ADVISORY RULINGS**

Even if this Honorable Court were to set aside the deferential Rule 72(a) standard and review the challenged Order de novo, the result would be the same: Judge Quinn's decision was correct in all respects and fully consistent with Rule 15 and governing jurisdictional principles.

Plaintiff's position rests on a flawed premise- that she is entitled to amend her complaint in federal court, secure rulings on the viability and timeliness of newly asserted state-law claims, and only then exit the forum she has affirmatively sought to abandon. No rule, statute, or precedent confers such a right. To the contrary, once a plaintiff elects to eliminate the sole basis for federal jurisdiction, the Court is not obligated to adjudicate additional claims that will fall outside its jurisdiction upon the filing of the amended pleading. The Magistrate Judge properly declined to do so.

Plaintiff has repeatedly cried that she is "the master of her complaint," but that principle cuts both ways. It allows a plaintiff to define and, if she chooses, to abandon, the basis for federal jurisdiction. It does not allow a plaintiff to both divest the Court of jurisdiction and demand that the Court continue to exercise it for her strategic benefit. Plaintiff's approach would invert the orderly administration of Rule 15 and § 1367 by requiring federal courts to issue what are, in effect,

11

advisory rulings on claims that are about to be removed from their jurisdiction. The Magistrate Judge correctly declined to engage in that exercise.

There is nothing inequitable about the result here. Plaintiff made a tactical decision to abandon federal claims to pursue a different forum. That decision carries consequences, including the loss of a federal forum to adjudicate newly asserted state-law theories. Plaintiff cannot now disavow that choice simply because it may no longer serve her interests. Having chosen her forum, Plaintiff must accept the consequences of that choice.

For these reasons, even under de novo review, the Magistrate Judge's Order should be affirmed.

## POINT III

### PLAINTIFF IDENTIFIES NO AUTHORITY REQUIRING THE COURT TO DECIDE STATE-LAW MERITS ISSUES BEFORE RELINQUISHING JURISDICTION

Not surprisingly, Plaintiff offers no factual or legal support for the remarkable proposition that this Court was required to adjudicate the viability, timeliness, or relation-back of newly asserted state-law claims only to then relinquish jurisdiction over those same claims. That is not how supplemental jurisdiction works. Once the operative pleading eliminated the federal claims, the remaining claims were matters of state law, and the Magistrate Judge correctly declined to reach merits issues that belonged elsewhere.

Indeed, Royal Canin U.S.A., Inc. v. Wullschleger holds exactly the opposite. In Royal Canin, the Supreme Court held that when a plaintiff amends a complaint to delete the federal claims that supplied federal jurisdiction, "the federal court loses supplemental jurisdiction over the state claims, and the case must be remanded to state court." 604 U.S. at 25. The point is

12

jurisdictional sequence: once the federal basis is gone, the court does not conduct a parting merits audit of state-law claims before stepping aside.

Plaintiff is asking the Court to invert that rule. She asks this Court to first decide whether her state-law amendments are timely and relate back, and only then recognize that the federal claims are gone and the case belongs in state court. But Royal Canin does not require or permit that detour. Having elected to withdraw the federal claims, Plaintiff cannot insist that the federal court continue long enough to bless the state-law theories she hopes to pursue elsewhere.

Put simply: Plaintiff wanted out of federal court. She got out. What she did not get- and what the law does not require- is an advisory merits ruling to carry with her on the way to state court.

## POINT IV

### PLAINTIFF'S MOTION SEEKS ADVISORY RELIEF ON ISSUES THAT ARE NEITHER RIPE NOR NECESSARY FOR THIS COURT TO DECIDE

Plaintiff's brief is exceedingly difficult to engage on the merits because it lacks a coherent throughline and is rife with non sequiturs rather than a structured legal argument. As best as Defendants can ascertain, the entire premise of Plaintiff's request is that this Court must intervene to prevent the hypothetical loss of claims. But the Court need not pause here too long.

As an initial matter, Plaintiff's asserted prejudice is overstated. The wage-and-hour claims she seeks to inject back into this case span multiple years, including periods well within the applicable limitations window.  Assuming, for the sake of argument, any alleged wage violations occurred from 2021 forward (an assertion Defendants vehemently deny), these remain timely on their face and may be pursued in the appropriate forum without reliance on relation-back

13

principles. Plaintiff's insistence that immediate federal adjudication is required to preserve those claims is therefore incorrect.

At the same time, Plaintiff seeks a sweeping relation-back determination as to an entirely different category of claims- claims that, as discussed above, do not arise from the same core set of operative facts. The proposed Third Amended Complaint introduces new parties (a corporate parent that has since filed for bankruptcy and a host of individuals, none of whom even still work at Venetian), brand new statutory schemes, new legal theories, and expansive new factual allegations spanning years beyond the narrow timeframe at issue in the operative pleading. The SAC was a mere 19 pages while the TAC is a staggering 93. Under no rational comparison of these two (2) pleadings can it possibly be said that the new claims arise from the same common nucleus of fact. These are not technical refinements of existing claims; they are wholly new claims that would independently fail the Rule 15(c) standard.

Recognizing as much, and because this Court has already declined to exercise supplemental jurisdiction over the state law claims, Defendants do not ask this Court to resolve the merits of Plaintiff's anticipated statute-of-limitations arguments here. Those issues are properly reserved for the forum Plaintiff has chosen to pursue. But that reality underscores the flaw in Plaintiff's position: there is no basis for this Court to expend judicial resources adjudicating hypothetical timeliness questions for claims that are either plainly untimely or plainly do not relate back.

## CONCLUSION

Plaintiff's motion seeks to manufacture urgency where none exists, and to obtain rulings that would serve no purpose other than to influence future litigation elsewhere. Judge Quinn properly declined that invitation, and Plaintiff's attempt to resurrect it should be rejected. For the

14

foregoing reasons, Defendants respectfully submit that this Honorable Court should deny Plaintiff's appeal in its entirety and affirm Judge Quinn's March 30, 2026, Order.

Respectfully submitted,

/s/ Jacqueline Voronov

Jacqueline Voronov
HALL BOOTH SMITH, P.C.
15 East Midland Avenue, Suite 3A
Paramus, New Jersey 07652
(201) 614-6350 phone
(201) 730-6254 fax
JVoronov@hallboothsmith.com
*Attorneys for Defendants*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of April , 2026, a true and correct copy of the foregoing document was filed electronically with the Clerk's office using the CM/ECF system and served via the Court's CM/ECF system upon all parties accepting electronic service, including those listed below.  Parties may also access this filing through the Court's CM/ECF system.

Tyrone Blackburn, Esq.
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
*Attorneys for Plaintiff*

BY: *<u>/s/ Jacqueline Voronov</u>*