T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236
Telephone: (347) 342-7432 | Email: tblackburn@tablackburnlaw.com

October 14, 2026

VIA ECF
Honorable Georgette Castner, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: *Angela Erika Roque v. Venetian Care & Rehabilitation Center, LLC, et al.*
Civil Action No. 3:23-cv-20659-GC-JTQ

Request for Emergency Consideration of Plaintiff's Motion to Reinstate This Action to the Active Docket and for Leave to File the Third Amended Complaint

Dear Judge Castner:

This firm represents Plaintiff Angela Erika Roque in the above-referenced action. I write to submit Plaintiff's Emergency Motion to Reinstate This Action to the Active Docket and for Leave to File the Third Amended Complaint, and to respectfully request that the Court consider the motion on an expedited basis.

On October 2, 2026, the United States Bankruptcy Court for the District of New Jersey entered an Order in In re Venetian Care & Rehabilitation Center, LLC, et al., Case No. 26-14510 (VFP), modifying the automatic stay to permit Plaintiff to proceed in this action through final judgment or settlement, with any recovery to be satisfied solely from available insurance proceeds under Continental Insurance Company of New Jersey/CNA Policy No. 652081439. The fourteen-day period under Federal Rule of Bankruptcy Procedure 4001(a)(4) expired on October 16, 2026. The bankruptcy stay that caused this action to be removed from the active docket therefore no longer bars it from proceeding.

Plaintiff seeks two principal forms of relief. First, she asks that the action be reinstated to the active docket. Second, she asks for leave to file a Third Amended Complaint that expands her existing Conscientious Employee Protection Act claim with additional factual allegations and restores the wage-and-hour claims she asserted in her original Complaint. She withdrew those wage claims before discovery after Defendants represented to the Court that she was overtime-exempt at all times. Payroll records Defendants later produced in discovery show that they paid Plaintiff overtime compensation on multiple occasions, evidence that bears directly on her actual compensation structure and undercuts the premise that her exemption could be resolved categorically at the pleading stage. The proposed pleading adds no new parties; it names only the Defendants already in this action. It also retains Plaintiff's federal claims, which removes the jurisdictional ground on which the prior proposed amendments were denied without prejudice, and it limits any recovery against the Debtor Defendants to available insurance proceeds in conformity with the Bankruptcy Court's Order.

Expedited consideration is warranted. In May 2026, defense counsel advised that there would be no settlement discussions unless and until the stay was lifted. The stay has now been lifted. The insurer, however, has advised that it can evaluate and negotiate only against the claims

actively pending in this action, and it cannot consider the claims withdrawn from the original pleading. In addition, the Policy's limit is inclusive of defense costs, so continued delay reduces the only fund from which Plaintiff may now recover. Plaintiff also requests that, upon the filing of the Third Amended Complaint, the parties be referred to a settlement conference before a neutral third-party mediator within thirty days, with a CNA representative with full settlement authority in attendance.

Enclosed for the Court's consideration are the Notice of Motion; the Memorandum of Law; the Declaration of Tyrone A. Blackburn, Esq., with Exhibit A (the Bankruptcy Court's October 2, 2026 Order), Exhibit B (the proposed Third Amended Complaint), Exhibit C (the form of the proposed pleading required by Local Civil Rule 15.1(a)(2)), and Exhibit D (defense counsel's May 15, 2026 email); and a proposed form of Order.

Plaintiff respectfully requests that the Court set an expedited briefing schedule or otherwise address the motion at its earliest convenience. Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
*Attorneys for Plaintiff Angela Erika Roque*

Enclosures
cc: All counsel of record (via ECF)