T.A. BLACKBURN LAW, PLLC
Tyrone A. Blackburn, Esq.
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
Telephone: (347) 342-7432
tblackburn@tablackburnlaw.com
*Attorneys for Plaintiff Angela Erika Roque*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Angela Erika Roque,<br>Plaintiff,<br><br>v.<br><br>Venetian Care & Rehabilitation Center;<br>Matthew Orillaza;<br>Analiza Perez-Ramos;<br>JOHN and JANE DOES 1-10; and<br>ABC CORPS. 1-10,<br>Defendants. | Civil Action No. 3:23-cv-20659-GC-JTQ<br><br>Declaration of Tyrone A. Blackburn, Esq. In Support of Plaintiff's Emergency Motion to Reinstate This Action to the Active Docket and for Leave to File The Third Amended Complaint |

I, Tyrone A. Blackburn, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the principal of T.A. Blackburn Law, PLLC, counsel of record for Plaintiff Angela Erika Roque in this action and counsel for Ms. Roque as a creditor in In re Venetian Care & Rehabilitation Center, LLC, et al., Case No. 26-14510 (VFP) (Bankr. D.N.J.). I make this declaration on personal knowledge, my review of the docket in both proceedings, and documents produced in discovery.
2. I submit this declaration in support of Plaintiff's Emergency Motion to Reinstate This Action to the Active Docket and for Leave to File the Third Amended Complaint.
3. Plaintiff's original Complaint asserted, among other claims, wage-and-hour claims in Counts Two and Three arising from Defendants' failure to pay Plaintiff overtime for hours worked beyond forty in a workweek. ECF No. 1.
4. On November 27, 2023, Defendants submitted a pre-motion letter asserting that "Counts Two and Three of the Complaint must be dismissed because Plaintiff was at all times a salaried exempt employee who was not entitled to overtime pay." ECF No. 4 at 1.
5. On February 1, 2024, I appeared on behalf of Plaintiff before the Honorable Georgette Castner for a pre-motion conference regarding Defendants' anticipated motion to dismiss.

6. At that conference, defense counsel represented, in substance, that Plaintiff, as a salaried registered nurse and Assistant Director of Nursing, was overtime-exempt for the entire period of her employment and that her wage claims therefore failed as a matter of law. Following the conference, the Court directed Plaintiff to file an amended complaint in lieu of motion practice. ECF No. 10.
7. In reliance on defense counsel's representation and the Court's directive, I advised Plaintiff to file the Second Amended Complaint without her standalone wage claims, and Plaintiff did so. ECF No. 11.
8. In discovery, Defendants produced Plaintiff's time sheets, paystubs, and payroll records. Those records were in Defendants' possession at the time of the November 27, 2023, letter and the February 1, 2024, conference.
9. Based on my review of those records, they reflect that Defendants paid Plaintiff overtime compensation on multiple occasions during her employment.
10. On September 22, 2026, the Honorable Vincent F. Papalia granted Plaintiff's motion for relief from the automatic stay on the record. On October 2, 2026, the Bankruptcy Court entered its written Order Granting Relief From the Automatic Stay (Bankr. Doc. 242). A true and correct copy is annexed as **Exhibit A**. Plaintiff's stay-relief motion described her overtime, wage, and pay-discrimination claims and requested authority to prosecute them in this action with recovery limited to available insurance proceeds.
11. Continental Insurance Company of New Jersey, a CNA company, has funded the defense of this action under Policy No. 652081439 since 2023.
12. The Policy's employment practices liability aggregate limit is inclusive of defense costs. Defense spending in this action therefore reduces the amount available under the Policy to satisfy any judgment or settlement.
13. On May 5, 2026, I wrote to CNA's claim reporting unit requesting that the parties re-engage in settlement discussions within the Policy limits. CNA acknowledged receipt under reference number 2946705.
14. On May 15, 2026, defense counsel Jacqueline Voronov, Esq. responded by email, directing that all communications regarding this litigation be directed solely through defense counsel and stating: "To be equally clear, this matter is presently stayed. There will be no settlement

discussions unless and until the stay is lifted by the Court." A true and correct copy of Ms. Voronov's May 15, 2026 email is annexed as **Exhibit D**.

15. The CNA claims professional assigned to this matter has advised me that CNA can evaluate and negotiate only against the claims actively pending in this action, and that CNA cannot consider or negotiate the claims that were withdrawn from Plaintiff's original pleading unless and until those claims are restored to the case.
16. As a result, settlement discussions cannot meaningfully proceed until this action is reinstated to the active docket and the withdrawn claims are part of the operative pleading.
17. Annexed as **Exhibit B** is a true and correct copy of the proposed Third Amended Complaint. It restores the wage-and-hour claims withdrawn from the original Complaint, expands Plaintiff's existing Conscientious Employee Protection Act claim with additional factual allegations, asserts related state-law claims arising from the same employment, retains Plaintiff's federal claims, and limits any recovery against the Debtor Defendants to available insurance proceeds under Policy No. 652081439 in conformity with the Bankruptcy Order. The proposed Third Amended Complaint names no new parties. Its Defendants are Venetian Care & Rehabilitation Center, Matthew Orillaza, Analiza Perez-Ramos, John and Jane Does 1-10, and ABC Corps. 1-10, the same Defendants named in the Second Amended Complaint, ECF No. 11. Windsor Healthcare Management Limited Liability Company and certain of its personnel are described in the pleading as non-parties.
18. Annexed as **Exhibit C** is a form of the proposed Third Amended Complaint indicating in what respects it differs from the Second Amended Complaint by bracketing or striking through materials to be deleted and underlining materials to be added, as required by Local Civil Rule 15.1(a)(2).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 14, 2026
Brooklyn, New York

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236