T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
Telephone: (347) 342-7432 | Email: tblackburn@tablackburnlaw.com

November 12, 2026

VIA ECF
Honorable Georgette Castner, U.S.D.J.
Honorable Justin T. Quinn, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: *Angela Erika Roque v. Venetian Care & Rehabilitation Center, LLC, et al.*
Civil Action No. 3:23-cv-20659-GC-JTQ

Letter Motion for Leave to
File the Third Amended Complaint

Dear Judge Castner and Judge Quinn:

This firm represents Plaintiff Angela Erika Roque. Pursuant to the Court's October 19, 2026, Text Order (ECF No. 83), Federal Rule of Civil Procedure 15(a)(2), and Local Civil Rule 15.1, Plaintiff respectfully submits this letter brief, in lieu of a formal brief, in support of her motion for leave to file the proposed Third Amended Complaint (Blackburn Decl. Ex. A). The form of the pleading required by Local Civil Rule 15.1(a)(2) is annexed as Exhibit B. Because this motion is filed three days after the period set by ECF No. 83, Plaintiff also asks the Court to accept it under Federal Rule of Civil Procedure 6(b)(1)(B).

## **Background**

Plaintiff's original Complaint asserted wage-and-hour claims in Counts Two and Three. ECF No. 1. On November 27, 2023, Defendants submitted a pre-motion letter asserting that "Counts Two and Three of the Complaint must be dismissed because Plaintiff was at all times a salaried exempt employee who was not entitled to overtime pay." ECF No. 4 at 1. The Court directed Plaintiff to file an amended complaint in lieu of motion practice. ECF No. 10. In reliance on Defendants' exemption position, Plaintiff filed the operative Second Amended Complaint without her standalone wage claims. ECF No. 11; Blackburn Decl. ¶¶ 2-4. Defendants later produced Plaintiff's time sheets, paystubs, and payroll records in discovery. Those records reflect

that Defendants paid Plaintiff overtime compensation on multiple occasions. Blackburn Decl. ¶¶ 5-6.

Plaintiff then moved for leave to file a Third Amended Complaint restoring the wage claims and expanding her Conscientious Employee Protection Act ("CEPA") allegations. ECF No. 68. On March 30, 2026, the Court granted the motion in part, permitting a Third Amended Complaint identical to the Second Amended Complaint with the federal claims omitted, and denied the remaining amendments without prejudice as moot because the Court would be divested of supplemental jurisdiction once the federal claims were withdrawn. ECF No. 74 at 8-10. Plaintiff appealed. ECF Nos. 75, 76.

On May 1, 2026, Defendant Venetian filed a Suggestion of Bankruptcy, and the action was stayed and administratively closed. ECF Nos. 79, 80. On October 2, 2026, the Bankruptcy Court modified the automatic stay to permit Plaintiff to proceed in this action, with any recovery against the debtors limited to available insurance proceeds. ECF No. 81-6. On October 19, 2026, the Court reinstated the action and stated that, "[w]ithin 21 days Plaintiff may file a formal motion to amend with factual and legal support for the proposed amended pleading, which the Court will consider in due course." ECF No. 83.

## I. <u>**The Proposed Third Amended Complaint**</u>

The proposed pleading does four things. First, it restores the wage-and-hour claims pleaded in the original Complaint, including claims under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law. Ex. A, Counts Seven through Ten and Fourteen. Second, it expands Plaintiff's existing CEPA claim with additional factual allegations. Ex. A, Counts One and Five. Third, it retains Plaintiff's federal claims under Title VII of the Civil Rights Act of 1964. Ex. A, Counts Fifteen through Seventeen. Fourth, it limits any recovery against the debtor defendants to available insurance proceeds, as the Bankruptcy Court's order requires. Ex. A ¶¶ 11-13. The pleading adds no new parties. It names only Venetian, Matthew Orillaza, Analiza Perez-Ramos, and the fictitiously named defendants already in this action. Ex. A at 1.

## II. <u>**Factual Support for the Proposed Amendments**</u>

The wage claims rest on specific compensation facts. The proposed pleading alleges that Plaintiff was hired in February 2017 as a Licensed Practical Nurse at $26.00 per hour, was raised to $40.00 per hour in March 2021 and to $45.00 per hour in June 2021 and did not move to a salary-based structure until July 2022. Ex. A ¶¶ 127-131. It alleges that she worked approximately

ninety hours per week without overtime compensation for the hours over forty, and that Defendants did not provide required wage notices at hire or upon each change in her pay. Ex. A ¶¶ 127-131, 135, 143. The executive, administrative, and professional exemptions generally require payment on a salary basis. 29 C.F.R. § 541.600(a). New Jersey adopts those federal standards. N.J. Admin. Code § 12:56-7.2(a). The payroll records Defendants produced, which reflect overtime payments, are consistent with those allegations. Blackburn Decl. ¶¶ 5-6.

The expanded CEPA allegations identify the specific disclosures and the retaliation that followed. Plaintiff alleges that she reported to Orso and Boris instances of Medicaid, Medicare, and insurance fraud and the disappearance of a patient, and that a nurse manager injected a patient with morphine, resulting in the patient's death, without corrective action or a report to the New Jersey Department of Health. Ex. A ¶¶ 95-96, 160. She alleges that Defendants posted her position online shortly after those complaints and terminated her in December 2022 under pretextual circumstances. Ex. A ¶¶ 99, 133. Those allegations plead each element of a CEPA claim: a reasonable belief that the employer's conduct violated a law, rule, or regulation; a whistleblowing disclosure; an adverse employment action; and a causal connection. N.J. Stat. Ann. § 34:19-3(a), (c).

## III. <u>**Leave to Amend Should Be Granted**</u>

Rule 15(a)(2) provides that a court "should freely give leave when justice so requires." USCS Fed Rules Civ Proc R 15. Leave should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Accordingly, leave to amend generally must be granted unless equitable considerations render amendment unjust. <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 202 (3d Cir. 2006). Although the decision rests within the Court's discretion, that discretion must be tempered by the potential prejudice to the nonmoving party, because undue prejudice is the touchstone for denying leave to amend. <u>Heyl & Patterson International, Inc. v. F. D. Rich Housing, Inc.</u>, 663 F.2d 419, 425 (3d Cir. 1981). "In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." <u>Foman v. Davis</u>, 371 U.S. 178. None of those grounds is present here.

A. The Sole Ground for the Prior Denial No Longer Exists

ECF No. 74 denied the wage and CEPA amendments without prejudice only because the Court would lose supplemental jurisdiction once the federal claims were withdrawn. ECF No. 74 at 8-10. The proposed pleading retains the federal claims, and the restored state-law claims arise from the same employment, the same pay practices, and the same period, so they form part of the same case or controversy. 28 U.S.C. § 1367(a). The amendment does not repeat a failed attempt to cure a deficiency. The Court has never found the wage or CEPA allegations deficient.

B. There Was No Undue Delay

"Delay alone is not sufficient to justify denial of leave to amend." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Whether delay is undue requires consideration of the movant's reasons for not amending sooner. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Plaintiff pleaded the wage claims in her original Complaint and withdrew them only after Defendants represented that she was exempt. ECF No. 4 at 1; ECF No. 10. After discovery produced the payroll records, Plaintiff moved to restore those claims. ECF No. 68. The ensuing delay following ECF No. 74 resulted from the bankruptcy stay, not any lack of diligence by Plaintiff. ECF Nos. 79, 80, 83. The case was reinstated less than one month before this motion, and no current schedule has been set. If a prior scheduling-order deadline applies, Rule 16(b)(4) requires Plaintiff to establish good cause before the Court applies Rule 15(a)(2), and that inquiry depends in part on Plaintiff's diligence. Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 318 (3d Cir. 2020). Plaintiff's prompt reliance on newly produced payroll records, together with the intervening bankruptcy stay and her prompt action after reinstatement, demonstrates the diligence supporting good cause.

C. Plaintiff Has Not Acted in Bad Faith

Plaintiff does not seek this amendment to delay the proceedings or to harass Defendants. The basis for restoring the wage claims came from Defendants' own production. Defendants' time sheets, paystubs, and payroll records reflect that Defendants paid Plaintiff overtime compensation on multiple occasions. Blackburn Decl. ¶¶ 5-6. Plaintiff then brought the amendment to the Court promptly and has renewed it as the Court directed after reinstatement. ECF Nos. 68, 83. The Court has already denied Defendants' cross-motion for sanctions. ECF No. 74 at 9-10.

D. Defendants Will Not Be Prejudiced

Defendants will not be unduly prejudiced by the proposed amendment. In assessing prejudice, courts consider whether the amendment would impair the opposing party's ability to

defend the action or unfairly deprive it of an opportunity to present facts or evidence. Arthur v. Maersk, Inc., 434 F.3d 196, 206 (3d Cir. 2006). Consistent with that principle, Altman granted leave to amend where the opposing party had notice of the agreement and its terms and remained able to challenge the agreement at trial. Altman v. General Electric Co., 32 F.R.D. 245, 246 (E.D. Pa. 1962). Here, Defendants have had notice of the wage claims since the original Complaint and sought their dismissal at the outset. ECF No. 1; ECF No. 4 at 1. They also produced the payroll records on which those claims rest. Blackburn Decl. ¶¶ 5–6. The CEPA claim likewise has been part of the case from the beginning, and the proposed allegations concern the same employment relationship and alleged retaliation. The amendment adds no party, and no schedule is currently in place following reinstatement. Under these circumstances, the proposed amendment would neither impair Defendants' ability to defend the case nor unfairly deprive them of an opportunity to present evidence.

E. The Amendment Is Not Futile

An amendment is futile if the proposed pleading would fail to state a claim under the Rule 12(b)(6) standard. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010). Here, the proposed pleading alleges facts supporting each wage claim and each element of the CEPA claim. The restored wage claims and expanded CEPA allegations also relate back under Rule 15(c)(1)(B) because they arise from the same common core of operative facts alleged in the original Complaint. Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004). Fair notice is the touchstone of relation back, and the original pleading must notify Defendants of both the general factual situation and the legal theory underlying the amended claims. Glover v. FDIC, 698 F.3d 139, 146 (3d Cir. 2012). Defendants received that notice as to the wage claims because the original Complaint asserted those claims. The expanded CEPA allegations likewise relate back because they add factual detail concerning the existing CEPA claim rather than inject a new and unanticipated claim. Amendments that restate an existing claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct fall within Rule 15(c)(1)(B). Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004). Because the proposed amendment neither adds nor changes a party, Rule 15(c)(1)(C) is not implicated.

## IV. **The Court Should Accept This Motion Under Rule 6(b)(1)(B)**

ECF No. 83 permitted Plaintiff to file this motion within 21 days, or by November 9, 2026. Plaintiff filed it on November 12, 2026, three days after that deadline, and therefore requests an

extension under Rule 6(b)(1)(B). Before accepting an untimely motion, the Court must find excusable neglect. Drippe v. Tobelinski, 604 F.3d 778, 784 (3d Cir. 2010). That equitable determination considers the danger of prejudice, the length of the delay and its potential effect on the proceedings, the reason for the delay—including whether it was within the movant's reasonable control—and whether the movant acted in good faith. George Harms Constr. Co. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004). All relevant circumstances must be balanced; the reason-for-delay factor does not necessarily override the remaining factors. Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.), 405 F.3d 127, 133 (3d Cir. 2005). Here, the three-day delay was minimal and had no meaningful effect on the proceedings: no schedule has been set since reinstatement, no other deadline depends on this motion, and ECF No. 83 contemplated that the Court would consider the motion "in due course." Defendants will retain a full opportunity to oppose the motion and therefore face no identifiable prejudice from the brief delay. The missed deadline resulted from a malfunctioned external hard drive that resulted in the deletion of this writers' files. Blackburn Decl. ¶ 9. Plaintiff filed the motion three days after the deadline, supporting good faith rather than deliberate delay. On balance, the minimal delay, absence of prejudice or disruption, and prompt filing support a finding of excusable neglect and acceptance of the motion.

**Conclusion**

Plaintiff respectfully requests that the Court enter the accompanying proposed Order accepting this motion under Rule 6(b)(1)(B) and granting Plaintiff leave to file the Third Amended Complaint in the form annexed as Exhibit A. Thank you for Your Honors' consideration.

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
*Attorneys for Plaintiff Angela Erika Roque*

cc: All counsel of record (via ECF)